[Crim. No. 39992. Second Dist., Div. Four. Mar. 24, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
SETH M. GERCHBERG, Defendant and Appellant.

**COUNSEL**

Covey & Covey and Robert R. Lee for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Norman H. Sokolow and Howard J. Schwab, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**KINGSLEY, J.**—Defendant was convicted of a violation of section 278.5 of the Penal Code. He has appealed; we reverse.

On or about May 11, 1976, defendant and Susan were married and living in New York. Susan procured a divorce from defendant, in a New York court, under the terms of which, defendant had visitation rights to the three minor children of the parties. Susan, with the children, moved to California.[1] At defendant's request, contained in a letter to her, Susan caused the children to be sent to defendant in New York, at his expense. They arrived there on July 1, 1976. Sometime between July 1, 1976, and August 26, 1976, defendant formed the intent not to return the children to Susan and so advised her. It is stipulated that defendant did not form that intent until after the children were in New York. Susan did not see the children again until they were recovered in defendant's custody, in Pennsylvania, on June 20, 1980.

---

[1] At some time after the New York divorce Susan remarried. She is referred to in the papers before us as Susan Downer.

Based on those facts, defendant was prosecuted under section 278.5 of the Penal Code, which reads as follows:

"(a) Every person who in violation of a custody decree takes, retains after the expiration of a visitation period, or conceals the child from his legal custodian, and every person who has custody of a child pursuant to an order, judgment or decree of any court who has custody of a child pursuant to an order, judgment or decree of any court which grants another person rights to custody or visitation of such child, and who detains or conceals such child with the intent to deprive the other person of such right to custody or visitation shall be punished by imprisonment in the state prison for a period of not more than one year and one day or by imprisonment in a county jail for a period of not more than one year, a fine of not more than one thousand dollars ($1,000), or both.

"(b) A child who has been detained or concealed in violation of subdivision (a) shall be returned to the person having lawful charge of the child. Any expenses incurred in returning the child shall be reimbursed as provided in Section 4605 of the Civil Code. Such costs shall be assessed against any defendant convicted of a violation of this section."

■ It is defendant's contention that California has, on the admitted facts in this case, no jurisdiction to prosecute under section 278.5. We agree. It has long been the settled law of this state that, except for the limited situations set forth in subdivisions (2) and (3) of section 27 of the Penal Code,[2] California cannot punish for conduct taking place outside of California unless the defendant has, within this state, committed acts which amount to at least an attempt to commit a crime punishable under California law. That doctrine was laid down by the Supreme Court in *People* v. *Buffum* (1953) 40 Cal.2d 409 [256 P.2d 317]. Although that doctrine has been criticized by legal writers, the Supreme Court continues to adhere to it. (See, for example, *People* v. *Utter* (1972) 24 Cal.App.3d 535, 549-550 [101 Cal.Rptr. 214], in which the doctrine was applied by this court in a homicide case and hearing was denied by the Supreme Court in spite of a vigorous criticism of *Buffum* in our opinion.) Here, admittedly, defendant had done nothing in this state even approaching an attempt to violate section 278.5. At the most, his acts in sending for the children were consistent only with an intent to recognize Susan's custodial rights by returning the children to her after the agreed visitation period was over. That later, in New York, he

[2]Neither of which is here applicable.

changed his intent and did not return the children cannot subject him to prosecution in a California criminal court.

The People here argue that, under the Uniform Child Custody Act, based on the fact that Susan had brought the children to California to live, California *might* have had jurisdiction, in a civil action, to have changed the custody provisions of the New York decree. Whatever the effect of the Uniform Child Custody Act (a matter which we need not here explore) it does not confer on California jurisdiction to punish a man criminally for an intent formed outside California and followed by conduct fully outside this state.[3]

The judgment is reversed.

Woods, Acting P. J., and McClosky, J., concurred.

A petition for a rehearing was denied April 1, 1982, and respondent's petition for a hearing by the Supreme Court was denied May 20, 1982. Bird, C. J., and Mosk, J., were of the opinion that the petition should be granted.

---

[3]Since we reverse on the ground stated in the text, we need not, and do not, consider the argument that section 278.5, effective in 1977, could not apply to conduct occurring in the summer of 1976.