IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
July 23, 2002 Session

## STATE OF TENNESSEE v. SHIRLEY SPINA

**Appeal from the Criminal Court for Sullivan County**
**Nos. S44, 619     Phyllis H. Miller, Judge**

_____

**No. E2001-02933-CCA-R3-CD**
**September 23, 2002**
_____

The Defendant, Shirley Spina, was indicted in Sullivan County for custodial interference. On the morning of trial, the trial court dismissed the charge for lack of venue. The State now appeals. We reverse the ruling of the trial court and remand this cause for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court**
**Reversed and Remanded**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and JOE G. RILEY, JJ., joined.

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; Greeley Wells, District Attorney General; and Kent Chitwood, Assistant District Attorney General, for the appellant, State of Tennessee.

Wayne Culbertson, Kingsport, Tennessee, for the appellee, Shirley Spina.

### OPINION

The Defendant is the adoptive mother of a minor child. Pursuant to a Judgment of Absolute Divorce entered by the Chancery Court for Sullivan County, custody of the minor child was placed with the father, James Martin Spina. Mr. Spina's residence is in Sullivan County. The Defendant was ordered to have regular visitation with the child. Because the Defendant lived in Davidson County, the parties were ordered by the Chancery Court to meet in Knox County to transfer the child between themselves for the Defendant's periods of visitation.

Although the facts surrounding the Defendant's alleged criminal conduct have not yet been fully developed, it appears that she failed to return the child to Mr. Spina following a visitation period. The child was eventually returned to Mr. Spina in Sullivan County by police officers.

Tennessee Code Annotated section 39-13-306(a) provides, in pertinent part, that

> [i]t is the offense of custodial interference for a natural or adoptive parent . . . of a child younger than eighteen (18) years of age . . . to knowingly detain or move the child . . . from the vicinity where the child . . . is found when the person knows that the detention or moving of the child . . . violates a temporary or permanent judgment or court order regarding the child's . . . custody or care.

In this case, the gravamen of the State's prosecution is that the Defendant knowingly detained the child "from the vicinity where the child . . . is found."

The trial court found that the Defendant's actions in detaining the child occurred either in Davidson County, where the Defendant lived, or in Knox County, where the Defendant was supposed to deliver the child back to Mr. Spina. The trial court found that the Defendant did not commit any elements of the indicted offense in Sullivan County. Accordingly, the trial court dismissed the case for lack of venue.

Tennessee's constitution provides that criminal defendants have the right to be tried by an impartial jury in the county in which the crime was committed. See Tenn. Const. art. I, § 9. A criminal trial court's jurisdiction is limited to those crimes which occur, at least partially, within the territorial boundaries of the county in which it sits. See Ellis v. Carlton, 986 S.W.2d 600, 601 (Tenn. Crim. App. 1998). See also, Tenn. Code Ann. § 39-11-103(d) ("If one (1) or more elements of an offense are committed in one (1) county and one (1) or more elements in another, the offense may be prosecuted in either county.") Thus, the issue before us is whether the Defendant committed any of the elements of custodial interference within the boundaries of Sullivan County.

It appears undisputed that the Defendant took possession of the child in Knox County and then transported the child to Davidson County. The Defendant was required by the terms of the divorce to return the child to the child's father in Knox County at the end of the visitation period. The Defendant did not return the child, and at that point, the unlawful detention commenced. The issue before this Court, one of first impression, is where the detention occurred for purposes of venue.

In order to for venue to lie in Sullivan County, at least one of the elements of the crime of custodial interference must have occurred in that county. The statute makes it illegal for one of the family members enumerated "to knowingly detain or move the child . . . from the vicinity where the child . . . is found when the person knows that the detention . . . violates a . . . court order regarding the child's . . . custody or care." Tenn. Code Ann. § 39-13-306(a) (emphasis added). Thus, one of the elements of the crime is removing the child from the vicinity where he or she is found, or keeping the child from returning to the vicinity where he or she is found. The crucial term for the question of venue before us, then, is where the child is "found."

As our supreme court has recently reiterated,

[a] "basic rule of statutory construction is to ascertain and give effect to the intention and purpose of the legislature." In determining legislative intent and purpose, a court must not "unduly restrict[] or expand[] a statute's coverage beyond its intended scope." Rather, a court ascertains a statute's purpose from the plain and ordinary meaning of its language, "without forced or subtle construction that would limit or extend the meaning of the language."

Gleaves v. Checker Cab Transit Corp., Inc., 15 S.W.3d 799, 802-03 (Tenn. 2000) (citations omitted). The statute before us does not define the word "found." However, our reading of the custodial interference statute convinces us that the language "the vicinity where the child . . . is found" includes the child's legal place of residence.[1] In this case, the child's legal place of residence was with Mr. Spina, who resided in Sullivan County. Thus, we hold that venue of the instant charge lies in Sullivan County.[2]

We base our conclusion on a common-sense interpretation of the word "found." Obviously, a person may be "found" wherever the person is physically located at the relevant moment in time. For numerous legal purposes, however, a person may also be "found" where he or she resides. For instance, a person may be "found" for service of process purposes at his or her "dwelling house or usual place of abode." Tenn. R. Civ. P. 4.04(1). Tennessee's civil courts have personal jurisdiction over persons who are domiciled within the state. See Tenn. Code Ann. § 20-2-222(1). We hold that, for purposes of prosecuting offenses under the custodial interference statute, children subject to custodial orders are "found" at the residence of their custodial parent.

The statutory language, "from the vicinity where the child . . . is found" renders the child's legal residence, i.e. the residence of the custodial parent, an element of the crime of custodial interference. Thus, the trial courts of the county in which the custodial parent resides have venue in cases of custodial interference, irrespective of where the alleged detention actually occurs. To hold otherwise would be to deprive Tennessee courts of jurisdiction over custodial interference cases where the non-custodial parent lives in another state and refuses to return the child to the child's Tennessee parent. This result is absurd, and we must strive to construe statutes in such a way as to avoid absurd results. See, e.g., Fletcher v. State, 951 S.W.2d 378, 382 (Tenn. 1997); State v. Chance, 952 S.W.2d 848, 850 (Tenn. Crim. App. 1997).

The trial court erred in dismissing this case for lack of venue. Accordingly, we reverse the trial court's ruling and remand this case for further proceedings consistent with this opinion.

---

[1] We do not necessarily conclude that the child's residence is the only location of "the vicinity where the child . . . is found."

[2] We draw no conclusion as to whether venue may also be properly found elsewhere.

-3-

_____
DAVID H. WELLES, JUDGE