# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
## OCTOBER SESSION, 1996

FILED

December 4, 2001

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE**, | ) | |
| | ) | No. 02C01-9605-CC-00178 |
| Appellee | ) | |
| | ) | HARDIN COUNTY |
| vs. | ) | |
| | ) | Hon. C. Creed McGinley, Judge |
| **ROBERT WILLIS CHANCE, JR**., | ) | |
| | ) | (Second Degree Murder; |
| Appellant | ) | Attempted First Degree Murder) |

For the Appellant:

James T. "Jim" Sanderson
 & Associates, P.C.
Stephen L. Hale
William G. Hatton
Attorneys for Appellant
P. O. Box 331
Bolivar, TN  38008

For the Appellee:

Charles W. Burson
Attorney General and Reporter

William David Bridgers
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493


G. Robert Radford
District Attorney General

John Overton
Asst. District Attorney General
601 Main Street
Savannah, TN  38372

OPINION FILED: _____

AFFIRMED


**David G. Hayes**
Judge

## OPINION

The appellant, Robert Willis Chance, pled guilty to one count of second degree murder and one count of attempted first degree murder. Pursuant to the plea agreement, the sentences were to be served concurrently. The Hardin County Circuit Court imposed a sentence of twenty-three years for each conviction. In his sole issue, the appellant contends that the trial court erred in imposing twenty-three year sentences because of the misapplication of Tenn. Code Ann. § 40-35-210 (1995 Supp.), regarding the presumptive sentence of a class A felony.

Upon review, we affirm the judgment of the trial court.

## I.  Background

On the night of July 9, 1995, the appellant walked into the woods near his family's home armed with an SKS assault rifle and with the intention of committing suicide. Later, when his parents could not locate him, they began searching the woods. Hidden by the foliage, the appellant heard his father "belittling" him to his mother. Inflamed by these remarks, the appellant emerged from the woods and stated "Daddy, you've hurt mama around thirty years. And you're not going to hurt no [sic] more." The appellant then began firing his weapon. His mother was hit once in the leg. His father was shot four times, which resulted in his death. Concerned for his mother's welfare, the appellant telephoned 911 to obtain assistance. He informed the operator that he and his parents were "under fire" by an "unknown" assailant. The appellant later abandoned this story and admitted his guilt. The appellant was indicted on one count of first degree  murder and one count of attempted first degree murder.

On December 4, 1995, the appellant pled guilty to one count of second degree murder and to one count of attempted first degree murder. A sentencing hearing was held on January 11, 1996.

At the sentencing hearing, the proof revealed that the appellant had a troubled relationship with his father that had stemmed from years of physical and emotional abuse. Moreover, the appellant's psychiatric history involved chronic depression, relationship difficulties, sleeping problems, a variety of neurological complaints, "suicidal ideations," and borderline personality disorder. The trial court found two enhancement factors and one mitigating factor applicable to the appellant's second degree murder conviction and three enhancement factors and one mitigating factor applicable to his attempted first degree murder conviction.[1] To determine the appropriate length of the appellant's sentence, the trial court began at the midpoint of the applicable range.[2] Applying this procedure, the trial court imposed twenty-three year sentences for each conviction.

## II. Analysis

---

[1] Specifically, the trial court found that (1) the appellant has a history of criminal convictions or criminal behavior; (9) the appellant employed a firearm during the commission of the offense; and, applicable only to the attempted first degree murder conviction, that (6) the personal injuries inflicted upon the victim were particularly great. Tenn. Code Ann. § 40-35-114 (1995 Supp.). The only mitigating factor applied was Tenn. Code Ann. § 40-35-113(8) (1990), that the appellant was suffering from a mental condition that significantly reduced his culpability. In his appeal, the appellant does not contest the applicability of these factors.

[2] The trial court stated,
> As I read the law on a class A sentence, the court is to start with a presumptive sentence at the midpoint of the range. . . . That's as opposed to Class B, C, D, and E where you start at the minimal sentence and work up and then down. On a class A felony, the sentence, pursuant to the terms of Section 40-35-210, Subsection C, the presumptive sentence starts at the midpoint of the range. And then the Court applies enhancing factors and then mitigating factors from there.
>
> . . . And the midpoint of his range, it would be fifteen to twenty-five. [See Tenn. Code Ann. § 40-35-112(a)(1) (1990).] So obviously, the mathematically equation lends itself to a twenty year sentence to start with.

Neither side entered any objection to this procedure.

3

In his only issue, the appellant contends that, in arriving at twenty-three year sentences, the trial court misapplied Tenn. Code Ann. § 40-35-210 by setting the presumptive sentence for a class A felony, with applicable enhancement and mitigating factors, at the midpoint of the range. He insists that the "plain language" of Tenn. Code Ann. § 40-35-210 directs sentencing courts to set the presumptive sentence for a class A felony at the midpoint of the range only if there are no enhancement factors and no mitigating factors. The State contends that such application of this section leads to a result that is clearly contrary to the legislature's intent in amending Tenn. Code Ann. § 40-35-210(c). We agree.

Tenn. Code Ann. § 40-35-210 provides, in parts pertinent to this issue:

(c) The presumptive sentence for a Class B, C, D, and E felony shall be the minimum sentence in the range if there are no enhancement or mitigating factors. The presumptive sentence for a Class A felony shall be the midpoint of the range if there are no enhancement or mitigating factors.

(d) Should there be enhancement but no mitigating factors, then the court may set the sentence above the minimum in that range but still within the range.

(e) Should there be enhancement and mitigating factors, the court must start at the minimum sentence in the range, enhance the sentence within the range as appropriate for the enhancement factors, and then reduce the sentence within the range as appropriate for the mitigating factors.

When read alone, Tenn. Code Ann. § 40-35-210(e) sets the presumptive sentence for a class A felony, where both enhancement and mitigating factors apply, at the minimum sentence within the range. However, when construing the meaning of a statutory provision, courts must ascertain and give effect to the intent of the legislature. Roseman v. Roseman, 890 S.W.2d 27, 29 (Tenn. 1994) (citation omitted); Lyons v. Rasar, 872 S.W.2d 895, 897 (citation omitted). To determine legislative intent, courts must look to the entire statute and to the overall purpose of the legislation. Lyons, 872 S.W.2d at 897; see also West

4

American Ins. Co. v. Montgomery, 861 S.W.2d 230, 231 (Tenn. 1993) (citation omitted).

In 1995, the Tennessee legislature amended Tenn. Code Ann. § 40-35-210(c) by adding that "[t]he presumptive sentence for a Class A felony shall be the midpoint of the range if there are no enhancement or mitigating factors." No similar change was made to subsections (d) and (e). Thus, applying the appellant's "plain language" reading of the statute, a class A felon who commits an offense where the trial court finds only enhancement factors or both enhancement and mitigating factors applicable may very well receive a shorter sentence than a felon committing a class A offense involving no enhancement or mitigating factors. See Tenn. Code Ann. § 40-35-210(c), (d), (e). This would produce an absurd result. We presume that the legislature did not intend such an absurdity in enacting this statute. See McClellan v. Bd. of Regents of State, 921 S.W.2d 684, 689 (Tenn. 1996); Epstein v. State, 366 S.W.2d 914, 918 (Tenn. 1963). Accordingly, "such a result will be avoided if the terms of the statute admit of it by a reasonable construction." Epstein, 366 S.W.2d at 918. (emphasis added).

With consideration of the public's growing concern over violent crimes, defendants committing class A felonies should not be entitled to a presumptive sentence at the minimum of the sentencing range. See Tenn. Code Ann. § 40-35-210(c) (retaining the presumptive sentence for class B, C, D, and E felonies at the minimum but increasing the presumptive sentence for class A felonies to the midpoint of the range). Moreover, it is difficult to conceive that the legislature would have intended a longer sentence for a class A felony without an enhancement factor than for a class A felony with an enhancement factor. Thus, we conclude that the presumptive sentence for all class A felonies is the

midpoint of the applicable sentencing range.[3]  Accordingly, the trial court's imposition of twenty-three year sentences, in the instant case, are appropriate.

The judgment of the trial court is affirmed.

_____
DAVID G. HAYES, Judge

CONCUR:

_____
JOHN H. PEAY, Judge

_____
PAUL G. SUMMERS, Judge

---

[3]Although this issue has never specifically been addressed by the courts of this state, our courts have stated that, effective July 1, 1995, the presumptive sentence for all class A felonies shall be within the midpoint in the range. See, e.g., State v. Smith, 926 S.W.2d 267, 271 (Tenn. Crim. App. 1995); State v. Johnson, No. 01C01-9507-CC-00242 at note 4 (Tenn. Crim. App. at Nashville, Sept. 30, 1996); State v. Boshears, No. 01C01-9412-CR-00402 (Tenn. Crim. App. at Nashville, Nov. 15, 1995).

6