# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs May 21, 2003

## STATE OF TENNESSEE v. JOSEPH HAROLD RUCKER

**Direct Appeal from the Criminal Court for Roane County**
**No. 12586      E. Eugene Eblen, Judge**

---

**No. E2002-02486-CCA-R3-CD**
**July 8, 2003**

---

The defendant, Joseph Harold Rucker, appeals the Roane County Criminal Court's imposition of a 23-year Department of Correction sentence for the second-degree murder of his girlfriend, Tommy Jean Trinkle. Because we determine that the length of the Class A, Range I sentence is supported in the record, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOE G. RILEY, J., and THOMAS T. WOODALL, JJ., joined.

Joe H. Walker, Harriman, Tennessee (on appeal); and Walter B. Johnson, II, Harriman, Tennessee (at trial and on appeal); for the Appellant, Joseph Harold Rucker.

Paul G. Summers, Attorney General & Reporter; Brent C. Cherry, Assistant Attorney General; J. Scott McCluen, District Attorney General; and Frank Harvey, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

The defendant pleaded guilty to the August 26, 2001 second-degree murder of Ms. Trinkle. Although the transcript of the plea submission hearing is not in the appellate record, the presentence report and the evidence introduced at the sentencing hearing adequately reveal the known circumstances of the homicide. A neighbor found the defendant standing nude in his yard, washing blood from his body with a water hose. The defendant told the neighbor that he had killed the victim. Inside the house, the neighbor found the victim lying in the floor with her throat cut and a knife protruding from her chest.

The autopsy revealed that the victim suffered a cut on the front and both sides of her neck, a portion of which was nearly an inch deep; various stab wounds, some of which were nearly five inches deep and perforated the right lung and pulmonary artery; strangulation injuries to the

neck; various cuts, abrasions and bruises on her face and body; and multiple bilateral fractures of the ribs. The defendant maintained that he was intoxicated at the time of the offense.

Facing an indictment for first-degree, premeditated murder, the defendant submitted a plea-bargained guilty plea to second-degree murder and agreed that the trial court would determine the length of his Range I sentence. Following a sentencing hearing, the court found that the severity of the defendant's actions substantially outweighed the defendant's claim that voluntary intoxication should mitigate the sentence. The court imposed a 23-year sentence to be served in the Department of Correction.

The defendant was 42 years of age at the time of sentencing and has a twelfth-grade education. His prior criminal history includes two felonies and approximately nineteen misdemeanor convictions. Of the latter, eleven were alcohol-related offenses, and four were assault offenses.

When an accused challenges the length, range, or manner of service of a sentence, this court has the duty to conduct a *de novo* review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (1997). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

In conducting a *de novo* review of a sentence, this court must consider: (a) the evidence, if any, received at the trial and sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement that the defendant made regarding sentencing; and (g) the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann.§§ 40-35-102 (1997), -103 (1997), -210(B) (Supp. 2002); *State v. Smith*, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

Defendant was convicted of second-degree murder, a Class A felony. *See* Tenn. Code Ann. § 39-13-210(a)(1), (b) (1997). The sentence for a Range I offender convicted of a Class A felony is between fifteen and twenty-five years. *Id.* § 40-35-112(a)(1) (1997). The presumptive sentence for a Class A felony is the midpoint of the range if there are no enhancement or mitigating factors. *Id.* § 40-35-210(c) (Supp. 2002). If the court finds that enhancement and mitigating factors are applicable, the court must begin with the midpoint and enhance the sentence to appropriately reflect the weight of any statutory enhancement factors, and then the court must reduce the sentence to appropriately reflect the weight of any mitigating factors. *See State v. Chance*, 952 S.W.2d 848, 850-51 (Tenn. Crim. App. 1997).

In the present case, the trial court made essentially one finding – that the severity of the defendant's actions "go way past anything that would mitigate" the sentence. Based upon that finding, the court enhanced the sentence from the presumptive sentence of 20 years to a sentence of 23 years. Thus, the court appears to have enhanced the sentence based upon the nature and

circumstances of the offense. Although the trial court is authorized to consider the nature and circumstances of the offense in making its sentencing determinations, *see* Tenn. Code Ann. § 40-35-210(b)(4) (Supp. 2002), the length of the sentence should be based upon statutorily enumerated enhancement factors, *see id.* § 40-35-114 (Supp. 2002); *State v. Anderson*, 985 S.W.2d 9, 20 (Tenn. Crim. App. 1997). In this situation, we do not accord the lower court's sentencing determination the presumption of correctness.

Nevertheless, the sentence of 23 years in the Department of Correction is more than adequately supported in the record. As a function of our *de novo* review, we hold that the following enhancement factors apply: The defendant has a previous history of criminal convictions or criminal behavior in addition to that necessary to establish the appropriate range, Tenn. Code Ann. § 40-35-114(2) (Supp. 2002), and he treated the victim with exceptional cruelty, *id.* § 40-35-114(6) (Supp. 2002). The victim was strangled, viciously beaten and stabbed, and her head was nearly severed by a brutal cut to her neck. These enhancement factors are entitled to significant weight, and they overwhelm any claim of mitigation based upon voluntary intoxication. *See State v. Gary Thomas Moore*, No. 01C01-9711-CC-00545 (Tenn. Crim. App., Nashville, Oct. 2, 1999) (voluntary intoxication is excluded from the scope of mitigating factor (8) (Tenn. Code Ann. § 40-35-113(8) (1997)); *State v. Robert McPherson, Jr.,* No. 5 (Tenn. Crim. App., Jackson, June 7, 1989) (declining to apply voluntary intoxication in mitigation of sentence).

Thus, based upon the record before us, we have no hesitation in affirming the sentence of 23 years.

_____
JAMES CURWOOD WITT, JR., JUDGE