IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

NOVEMBER 1998 SESSION

FILED

February 9, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. NO. 01C01-9801-CR-00020 |
| Appellee, | ) | |
| | ) | DAVIDSON COUNTY |
| VS. | ) | |
| | ) | HON. J. RANDALL WYATT, JR., |
| KEITH M. JACKSON, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Second-Degree Murder) |


FOR THE APPELLANT:                    FOR THE APPELLEE:


JEFFREY L. LEVY                         JOHN KNOX WALKUP
2075 First American Center              Attorney General & Reporter
315 Deaderick St.
Nashville, TN 37238-2075                KIM R. HELPER
        (On Appeal)                     Asst. Attorney General
                                        Cordell Hull Bldg., 2nd Fl.
WILLIAM B. BRUCE                        425 Fifth Ave., North
First American Center, 20th Fl.         Nashville, TN 37243-0493
315 Deaderick St.
Nashville, TN 37238-2075                VICTOR S. JOHNSON, III
        (At Trial)                      District Attorney General


                                        PAUL D. DEWITT
                                             -and-
                                        BRET GUNN
                                        Asst. District Attomeys General
                                        222 Second Ave., North, Suite 500
                                        Nashville, TN 37201




OPINION FILED:_____



AFFIRMED



JOHN H. PEAY,
Judge

# O P I N I O N

On September 23, 1997, the defendant was found guilty by a jury of second-degree murder. The defendant was subsequently sentenced to twenty-four years to be served in the Tennessee Department of Correction as a Range I standard offender. On November 21, 1997, the defendant filed a motion for a new trial which was overruled. The defendant now appeals as of right, arguing that the evidence is insufficient to support his conviction and that the sentence imposed is excessive. After a review of the record and the applicable law, we find no merit to the defendant's contentions and thus affirm the defendant's conviction and sentence.

On June 16, 1996, the victim, Jason Atchison, drove two friends, Kimberly Bell and Karl Kamphoefner, to a restaurant parking lot to purchase cocaine. When the defendant drove into the parking lot, Ms. Bell got out of the victim's car and approached the defendant's car. The defendant then gave Ms. Bell a silver package that was supposed to contain cocaine. After the transaction, the defendant began to question Ms. Bell about the identity of the driver of the other car. When the defendant found out the driver of the other car was Jason Atchison, otherwise known as "Jay Rock," he began to look for his gun that he always carried with him during drug deals.[1] The defendant then cocked the gun, got out of the car, and walked toward the victim's car. When the defendant approached the victim's car, the victim was still sitting in the driver's seat. The defendant immediately began to hit the victim about the head area. Ms. Bell then walked back to the victim's car and tried to help the victim put the car into reverse. Despite the efforts of the victim and Ms. Bell, the car would not shift into the reverse gear. According

---

[1] According to the defendant, approximately a year before the killing, the victim had lured the defendant to an area and robbed him of six-hundred dollars ($600). In addition, the defendant contends that the victim took all of the defendant's clothes during the robbery, causing him great embarrassment.

to Ms. Bell, Mr. Kamphoefner and the passenger in the defendant's car, Tony Moss, the defendant shot the victim and the car then began rolling backwards. However, the defendant maintains that the car began rolling backwards first and hit his hand, causing the gun to go off accidentally. After the car rolled backwards into some bushes, the defendant left the scene and Ms. Bell called the police. As the defendant drove toward his apartment, he asked Mr. Moss to take the gun back to Mr. Moss's apartment. Mr. Moss agreed and took possession of the weapon. After questioning Ms. Bell and Mr. Kamphoefner at the scene, the police were able to locate the defendant's apartment, and he was placed under arrest. Several days after the shooting, Mr. Moss turned the gun over to the police.

The defendant first contends that the weight of the evidence was contrary to a finding of a knowing killing beyond a reasonable doubt. A defendant challenging the sufficiency of the proof has the burden of illustrating to this Court why the evidence is insufficient to support the verdict returned by the trier of fact in his or her case. This Court will not disturb a verdict of guilt for lack of sufficient evidence unless the facts contained in the record and any inferences which may be drawn from the facts are insufficient, as a matter of law, for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

When an accused challenges the sufficiency of the convicting evidence, we must review the evidence in the light most favorable to the prosecution in determining whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). We do not reweigh or re-evaluate the evidence and are required to afford the State the strongest legitimate view of the proof contained in the record as well as all reasonable and

legitimate inferences which may be drawn therefrom.  State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

Questions concerning the credibility of witnesses, the weight and value to be given to the evidence, as well as factual issues raised by the evidence are resolved by the trier of fact, not this Court.  Cabbage, 571 S.W.2d 832, 835.  A guilty verdict rendered by the jury and approved by the trial judge accredits the testimony of the witnesses for the State, and a presumption of guilt replaces the presumption of innocence.  State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973).

In the case at bar, the defendant was charged with second-degree murder. Second-degree murder is the knowing killing of another.  T.C.A. § 39-13-210 (1997).

> 'Knowing' refers to a person who acts knowingly with respect to the conduct or to circumstances surrounding the conduct when the person is aware of the nature of the conduct or that the circumstances exist.  A person acts knowingly with respect to a result of the person's conduct when the person is aware that the conduct is reasonably certain to cause the result.

T.C.A. § 39-11-302 (1997).

The defendant contends that a rational jury could not have found beyond a reasonable doubt that he had the requisite knowledge or intent to cause the victim's death.  However, the defendant admits that he shot the victim.  The defendant also admits that, after he found out the victim was driving the other car, he started searching for his gun.  The defendant further admits that he cocked the gun before he got out of his car and began to approach the victim.  The defendant admits that he hit the victim in the head about eleven times before the shot was fired.  The only defense offered by the defendant is that the shooting was an accident caused by the car lurching backwards and hitting his hand with enough force to cause him to squeeze the trigger.  However, three

4

witnesses at the trial testified that the car began rolling backwards only after the shot was fired. As it is within the province of the jury to accredit the testimony of the prosecution witnesses and reject that of the defendant, the defendant's contention is without merit. As such, a rational trier of fact could have found the essential elements of second-degree murder beyond a reasonable doubt.

The defendant next contends that the sentence imposed was excessive in light of the preponderance of mitigating over enhancing factors and was a result of misapplication of the factors. When a defendant complains of his or her sentence, we must conduct a de novo review with a presumption of correctness. T.C.A. § 40-35-401(d). The burden of showing that the sentence is improper is upon the appealing party. T.C.A § 40-35-401(d) Sentencing Commission Comments. This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

The Sentencing Reform Act of 1989, set out a number of specific procedures to be followed in sentencing. This section mandates the court's consideration of the following:

> (1) The evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) [a]ny statement the defendant wishes to make in his own behalf about sentencing.

T.C.A. § 40-35-210. In addition, this section provides that the minimum sentence within the range is the presumptive sentence. However, the presumptive sentence regarding a Class A felony is the midpoint of the applicable sentencing range. State v. Chance,

5

952 S.W.2d 848, 851 (Tenn. Crim. App. 1997). If there are enhancing and mitigating factors, the court must start at the presumptive sentence in the range and enhance the sentence as appropriate for the enhancement factors and then reduce the sentence within the range as appropriate for the mitigating factors. If there are no mitigating factors, the court may set the sentence above the presumptive sentence but still within the range. See id. The weight to be given to each factor is left to the discretion of the trial judge. State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992).

The Act further provides that "[w]henever the court imposes a sentence, it shall place on the record either orally or in writing, what enhancement or mitigating factors it found, if any, as well as findings of fact as required by § 40-35-209." T.C.A. § 40-35-210(f). Because of the importance of enhancing and mitigating factors under the sentencing guidelines, even the absence of these factors must be recorded if none are found. T.C.A. § 40-35-210 comment. These findings by the trial judge must be recorded in order to allow an adequate review on appeal.

In the case at bar, the trial court listed three applicable enhancement factors: the defendant's history of criminal behavior, that the defendant possessed and employed a firearm, and that the defendant had no hesitation about committing a crime when the risk to human life was high. T.C.A. § 40-35-114 (1997). The trial court also listed the defendant's good work history, school record, and supportive family as applicable mitigating factors. To determine the appropriate sentence, the trial court began at the midpoint of the applicable sentencing range of fifteen to twenty-five years. After starting at a twenty-year presumptive sentence, the trial court determined that the mitigating factors were far outweighed by the enhancing factors, and the defendant was sentenced to twenty-four years in the Tennessee Department of Correction.

The defendant does not challenge the trial court's application of the enumerated enhancement factors. However, the defendant contends that the trial court failed to apply several applicable mitigating factors.

The defendant argues that trial court erred in not considering as a mitigating factor the fact that the defendant acted under strong provocation. However, the trial judge did not find that the defendant acted under strong provocation. To the contrary, the trial judge found, if anything, that the defendant was acting out of vengeance. The trial court stated that "[t]his wasn't any kind of sudden heat of passion or provocation thing." In addition, the trial court noted that the incident that the defendant claims provoked him occurred over a year before the shooting. As such, it was not error for the trial court to reject this contention as a mitigating factor.

The defendant next argues that the fact the defendant committed the offense under circumstances where it is unlikely that a sustained intent to violate the law motivated the criminal conduct should have been considered a mitigating factor by the trial court. In light of the fact that the defendant searched for and cocked his gun before he got out of his car, then walked up to the victim and immediately began to hit him in the head and subsequently fired the fatal shot, this contention is without merit.

The defendant contends that the trial court was required to take into account the fact that the defendant's criminal record and history were minimal. However, the trial court specifically stated that the defendant did not really have a previous history of criminal convictions but instead had a history of criminal behavior. As such, the trial court obviously did consider this factor, and this contention is without merit.

7

The defendant further contends that the trial court was required to consider the defendant's potential for rehabilitation. However, the trial court did take this into consideration when it considered the defendant's good work history, his level of education, and his supportive family. The trial court found this to be outweighed by the applicable enhancement factors. As this is within the province of the trial court, this contention is without merit.

The defendant contends that the trial court should have considered the defendant's remorse and his age as applicable mitigating factors. However, although these factors may be considered by a trial court in sentencing, a trial court is not required to consider these factors. As such, this contention is without merit.

Finally, the defendant contends that the court is required to factor into account the consistency of the sentence in this case with those imposed in other cases. In support of his argument, the defendant cites T.C.A. § 40-35-102 and various cases where a defendant has received a lesser sentence for a second-degree murder conviction. However, there are numerous cases where a defendant convicted of second-degree murder received the same or harsher sentence than the defendant. As such, this contention is wholly without merit.

As the defendant has not met his burden of showing that the trial court's sentence of twenty-four years was improper, we affirm the judgment of the trial court. Accordingly, the defendant's conviction and sentence are affirmed.

_____
JOHN H. PEAY, Judge

8

CONCUR:


_____
GARY R. WADE, Presiding Judge


_____
JERRY L. SMITH, Judge