Wilma R. LYONS, Plaintiff–Appellant,

v.

Ernest RASAR, Superintendent of Carter County Schools and The Carter County Board of Education, Defendants–Appellees.

Supreme Court of Tennessee,
at Knoxville.

Feb. 28, 1994.

Charles Hampton White, Cornelius & Collins, Nashville, for appellant.

John K. Banks, Banks & Banks, Elizabethton, for appellees.

## OPINION

ANDERSON, Justice.

The issue to be determined in this appeal is whether a food service supervisor is a "teacher" as defined by the Teacher Tenure Law, Tenn.Code Ann. § 49–5–501, et seq. and, therefore, entitled to its protection. The rules of statutory construction lead us to conclude that a food service supervisor is not a "teacher" and, therefore, is not entitled to tenure. We affirm the judgment of the trial court and Court of Appeals that tenure was not attained on the separate grounds articulated below.

## BACKGROUND

The facts pertinent to the issue in this appeal are for the most part undisputed. The plaintiff, Wilma R. Lyons, graduated

from East Tennessee State University in 1984 with a degree in Home Economics. She was employed by the defendant, Carter County Board of Education, on July 9, 1985, as a food service supervisor. In that capacity, Lyons' duties included the supervision of all employees involved in food and preparation service in the sixteen schools of the Carter County school system. About four months after she was hired, Lyons received from the Tennessee Department of Education a professional school service personnel certificate endorsed for service as a Food Service Supervisor.

Lyons worked for the Carter County school system for the next five years. However, upon recommendation of the defendant, Superintendent Ernest Rasar, the Board of Education voted not to rehire her on May 20, 1991.[1] At no time was Lyons charged with incompetence, inefficiency, neglect of duty, unprofessional conduct, or insubordination, the grounds upon which a tenured teacher may be dismissed. *See* Tenn.Code Ann. § 49–5–511 (1990).

Soon after, Lyons brought this action claiming that she was a tenured teacher and as such, her rights under the Tennessee Teachers Tenure Act were violated when she was not rehired by the Board. The trial court concluded:

> However shabbily it may appear that Wilma R. Lyons was treated by the Carter County Board of Education in its summary termination of her as Food Service Supervisor in May 1991, she had no tenure in that position under applicable state law.

A majority of the Court of Appeals affirmed on the separate grounds that Lyons did not acquire tenure because the Board was not notified by Superintendent Rasar prior to Lyons' fourth year rehiring that she would obtain tenure if re-employed as required by Tenn.Code Ann. § 49–5–504(b) (1990).

## TENURE

The dispositive issue in this appeal is whether a food service supervisor is a "teacher" for purposes of attaining permanent tenure under the Tennessee Teachers' Tenure Act. Tenn.Code Ann. § 49–5–501 et seq. As defined by statute, " '[t]eacher' " includes teachers, *supervisors*, principals, superintendents and *all other certificated personnel* employed by any local board of education, for service in public, elementary and secondary schools in Tennessee, supported in whole or in part by state or federal funds...." Tenn. Code Ann. § 49–5–501(10) (1990) (emphasis added). A "teacher" may attain permanent tenure by satisfying four statutory prerequisites as follows:

> (2) "Permanent tenure" applies to any *teacher* who:
>
> (A) Has a degree from an approved four-year college or to any vocational teacher who has the equivalent amount of training established and licensed by the state board of education;
>
> (B) Holds a valid professional license based on training covering the subjects or grades he is teaching;
>
> (C) Has completed a probationary period of three (3) school years or not less than twenty-seven (27) months within the last five-year period, the last year to be employed as a regular teacher;
>
> (D) Is reemployed by the board for service after the probationary period.

Tenn.Code Ann. § 49–5–503(2)(A), (B), (C), and (D) (1990) (emphasis added).

Lyons argues that although she never taught in a classroom and is not qualified to teach in a classroom, she was a *certified* food service *supervisor* and came within the statutory definition of "certificated personnel" and was, therefore, a "teacher." She claims entitlement to permanent tenure, alleging that she satisfied the four requirements of the foregoing statute.

---

1. We note at this juncture that a former school bus driver, Ernest Ritchie, was elected to the Carter County Board of Education in the August 1990 general election. Lyons had refused to employ Ritchie's wife as a cafeteria worker, and Lyons testified that during the election she heard Ritchie quoting her salary on the radio and stating that he was "tired of these high rollers in low places." At the first board meeting after his election, Ritchie moved to have a committee appointed to investigate the Food Service Department.

■ To resolve this issue, we must interpret the statutory definition of "teacher." It is well-settled that the guiding principle of statutory construction is to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope. *State v. Sliger*, 846 S.W.2d 262, 263 (Tenn.1993). In seeking to ascertain legislative intent, we must look to the entire statute in order to avoid any forced or subtle construction of the pertinent language. *McClain v. Henry I. Siegel Co.*, 834 S.W.2d 295 (Tenn.1992). Accordingly, statutes "in pari materia"—those relating to the same subject or having a common purpose—are to be construed together, and the construction of one such statute, if doubtful, may be aided by considering the words and legislative intent indicated by the language of another statute. *Belle–Aire Village, Inc. v. Ghorley*, 574 S.W.2d 723, 725 (Tenn.1978); *Spence v. Miles Laboratories, Inc.*, 810 F.Supp. 952 (E.D.Tenn.1992). Finally, another aid to determining legislative intent is the rule "ejusdem generis," meaning where general words follow special words which limit the scope of the statute, general words will be construed as applying to things of the same kind or class as those indicated by the preceding special words. *Nance by Nance v. Westside Hosp.*, 750 S.W.2d 740, 743 (Tenn.1988).

■ Applying these rules to the statutory definition of teacher, we conclude that Lyons' claim must fail. One of the prerequisites to attaining permanent tenure is that a teacher hold "a valid professional license based on training covering the *subjects* or *grades* he is teaching." Tenn.Code Ann. § 49–5–503(2)(B) (1990) (emphasis added). Moreover, the specific personnel positions listed in the definition—"teachers, supervisors, principals, superintendents"—are required by law to possess a valid Tennessee teacher's professional license. *See* Tenn.Code Ann. §§ 49–2–301(a)(2)(A) & 49–5–101(a) (1990 & Supp.1993). We are, therefore, persuaded that the general phrase, "certificated personnel" should be interpreted to include only personnel who have a Tennessee teacher's professional license or certificate.

Accordingly, applying the foregoing rules of statutory construction, we conclude that "teacher," as currently defined by Tenn.Code Ann. § 49–5–501(10) (1990), must be construed to apply only to personnel that possess a Tennessee teacher's professional license. Although Lyons was issued a certificate as a food service supervisor, she clearly held no valid professional teacher's license and, therefore, is not entitled to tenure under the statute.

## CONCLUSION

Because we conclude that the statutory definition of "teacher" includes only those "certificated personnel" possessing a professional Tennessee teacher's license, the judgments of the trial court and the Court of Appeals that Lyons did not attain tenure are affirmed. The cost of this appeal is taxed against the plaintiff, Wilma R. Lyons.

REID, C.J., and DROWOTA, O'BRIEN and BIRCH, JJ., concur.