FILED

September 10, 2015

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 1:29 PM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | |
|---|---|
| Christopher Bennett,<br>　　　　　Claimant,<br><br>v.<br><br>Thermal Corrosion Solutions,<br>Riverport Insurance Co., and<br>Berkley Assigned Risk Services,<br>　　　　Respondents. | Docket No.: 2015-08-0160<br><br>State File No.: 23206-2015<br><br>Date of Injury: March 23, 2015<br><br>Judge: Jim Umsted |

## EXPEDITED HEARING ORDER

THIS CAUSE came before the undersigned Workers' Compensation Judge on August 5, 2015, upon the Request for Expedited Hearing (REH) filed by Christopher Bennett, the Claimant, on July 7, 2015,[1] pursuant to Tennessee Code Annotated section 50-6-239 (2014). At the Expedited Hearing, the parties asked the Court to determine if Mr. Bennett is an employee, as defined by Tennessee Code Annotated section 50-6-102(11) (2014), of Thermal Corrosion Solutions (TCS). Considering the positions of the parties, the applicable law, and all of the evidence submitted, the Court concludes that Mr. Bennett is an employee as defined by the Workers' Compensation Law.

## ANALYSIS

### Issues

The parties marked numerous issues on the Dispute Certification Notice (DCN). However, at the Expedited Hearing, the parties, by agreement, specifically defined the issues as those set out in the Statement of Issues marked as Exhibit 18. These issues are:[2]

---

[1] The date stamp on the Request for Expedited Hearing indicates that Mr. Bennett filed it on July 7, 2015. However, the Certification of Service shows that Mr. Bennett's attorney actually signed the request on July 8, 2015.

[2] During the Expedited Hearing, the Court questioned the parties regarding the preservation of the presented issues on the DCN. Upon closer review of the DCN, the Court finds that a notation on the first page, which reads, "Coverage-Employee is a partner & did not elect to be covered," preserves both issues set forth in the parties'

1

1. *Whether Mr. Bennett is an employee of TCS, as defined by the Tennessee Workers' Compensation Law.*

2. *Whether the policy in effect at the time of the injury covered Mr. Bennett as a member of the LLC.*

TCS, along with its workers' compensation insurance carrier, Riverport Insurance Co. (Riverport), and third-party administrator, Berkley Assigned Risk Services (Berkley), (collectively, the Respondents) also raised a due process challenge.

### Evidence Submitted

The Court received the following documentation and information submitted by the parties. However, the Court marked exhibits 1-5 and 14-18 for identification only and did not admit them into evidence. The Court admitted exhibits 6-13 by agreement of the parties.

Exhibit Number:

1. Petition for Benefit Determination (PBD), filed May 26, 2015
2. DCN, filed July 8, 2015
3. REH, filed July 7, 2015
4. Respondents' Position Statement, dated June 9, 2015
5. Mr. Bennett's Pre-Hearing Brief, filed August 3, 2015
6. Affidavit of Mr. Bennett, dated July 7, 2015
7. Deposition of Mr. Bennett, dated July 16, 2015
8. Deposition of Curtis Allen Hoover (Mr. Hoover), dated July 16, 2015
9. Deposition of Millissa Hilliard (Ms. Hilliard), dated July 31, 2015
10. Form C20-Employer's First Report of Work Injury
11. Form C41-Wage Statement
12. TCS's workers' compensation insurance policy, filed July 29, 2015
13. Mr. Bennett's Job Description
14. Prescription information, Walgreens, dated April 29, 2015
15. Medical bills
    - Semmes-Murphey Clinic, dated April 22, 2015, and May 20, 2015
    - Regional One Health, dated June 2, 2015
16. Medical records
    - UT Medical Group, Inc., dated June 2, 2015

Statement of Issues.

- Regional Medical Center, dated March 23, 2015; March 28, 2015; March 30, 2015; and April 21, 2015
- Regional Medical Center Rehab Hospital, dated April 24, 2015, and April 29, 2015
- Regional One Health OPC Orthopedics, dated May 14, 2015
- Regional One Health OPC General/Trauma Surgery, dated May 14, 2015
- Regional One Health OPC ENT, dated May 18, 2015

17. Medical bills, Memphis Med Ctr Air Amb (Memp), dated July 9, 2015
18. Statement of issues

The Court designates the following as the technical record (T.R.):

- PBD, filed May 26, 2015;
- DCN, filed July 8, 2015;
- REH, filed July 7, 2015;
- Respondents' Post-Hearing Brief, August 10, 2015;
- Mr. Bennett's Post-Hearing Brief, August 11, 2015; and
- Notice of Filing Court Transcript and Court Transcript (C. Tr.), August 10, 2015.

The Court did not consider attachments to the above filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in the above filings or any attachments thereto as allegations unless established by the evidence.

The following witnesses provided in-person testimony:

- Mr. Bennett;
- Mr. Hoover, co-owner of TCS; and
- Ms. Hilliard, corporate representative for Berkley.

**Stipulations of the Parties**

The parties stipulated the following to be correct:

1. On March 23, 2015, Mr. Bennett fell through a skylight while working on a roof in Olive Branch, Mississippi and sustained multiple injuries;
2. Mr. Bennett was working on the roof that day in furtherance of TCS's interests;
3. TCS is a Tennessee limited liability company;
4. TCS became a limited liability company in April 2014;
5. Mr. Bennett is a member of the limited liability company;

3

6. Mr. Bennett is not a resident of Tennessee; and

7. Mr. Bennett's weekly Compensation Rate (CR) is $932.80, the maximum CR for temporary disability benefits allowed by law at the time of his injury.

## History of Claim

At the time of the Expedited Hearing, Mr. Bennett, a forty-eight-year-old resident of Guy, Arkansas, was a thirty-percent member of TCS, a Tennessee limited liability company formed in April 2014. (Ex. 7 at 5; Ex. 8 at 7-8, 17; C. Tr. at 38, 40, 52.) Prior to April 2014, TCS was a partnership established by Mr. Bennett and Mr. Hoover in approximately 2003. (Ex. 8 at 8-9.) Mr. Bennett's contract of hire was formed in Tennessee. (C. Tr. at 18.) Between 2003 and April 2014, Mr. Bennett and Mr. Hoover each held a fifty-percent interest in the company. (Ex. 8 at 16.) Mr. Hoover handled the administrative side of the business while Mr. Bennett performed the physical labor. (Ex. 7 at 20; Ex. 8 at 11.) During the hearing, the parties agreed that Mr. Bennett is a construction service provider (CSP) as defined by Tennessee Code Annotated section 50-6-901(5) (2014). (C. Tr. at 18, 40, 65, 109.)

In September 2013, TCS obtained a workers' compensation insurance policy from Riverport, which Berkley administered. (C. Tr. at 73, 77.) TCS renewed this policy on September 13, 2014. (Ex. 12 at 1; C. Tr. at 77-78.) The policy was to remain in effect from September 13, 2014, to September 13, 2015. (Ex. 12 at 1.)

On March 23, 2015, Mr. Bennett fell through a skylight while working on a roof at Economy Rentals in Olive Branch, Mississippi. (C. Tr. at 15, 41, 59.) He sustained multiple, serious injuries due to the fall and remained hospitalized for over a month. (C. Tr. at 15, 42-43.) At the time of the fall, Mr. Bennett was preparing the roof for work that TCS had contracted to do for Duane Sell, the owner of Economy Rentals. (Ex. 7 at 56-57; C. Tr. at 41, 59-60.) Mr. Bennett timely reported his fall to TCS, and TCS filed a claim with Berkley. (Ex. 10.) Berkley ultimately denied Mr. Bennett's claim. (Ex. 9 at 16.)

Mr. Bennett filed a PBD on May 26, 2015, seeking medical and temporary disability benefits. (Ex. 1.) The parties did not resolve the disputed issues through mediation, and the Mediation Specialist filed the DCN on July 8, 2015. (Ex. 2.) At the evidentiary hearing, which took place on August 5, 2015, the undersigned allowed the parties to submit post-hearing briefs no later than August 11, 2015. (C. Tr. at 28.) The Respondents filed a post-hearing brief along with a transcript of the hearing on August 10, 2015. (T.R.) Mr. Bennett filed his post-hearing brief on August 11, 2015. (T.R.)

## Mr. Bennett's Contentions

Mr. Bennett admits that he never filed an election with the Bureau as a "sole proprietor" or a "partner" to be included within the definition of "employee" pursuant to

4

Tennessee Code Annotated section 50-6-102(11)(B) (2014). (Ex. 7 at 50; C. Tr. at 58.) He contends, however, that he is an employee of TCS pursuant to Tennessee Code Annotated section 50-6-102(11) even without making such an election. He argues that Tennessee Code Annotated section 50-6-102(11)(B) does not apply to him, as he is a member of a limited liability company and not a sole proprietor or a partner. He points to Tennessee Code Annotated section 50-6-104(f) (2014) and Tennessee Code Annotated section 50-6-903(a) (2014) to show that the legislature specifically differentiated between partnerships and limited liability companies in the statute. He also asserts that the legislature adopted an "opt out" system for persons who fall within the classification of a CSP as defined by Tennessee Code Annotated section 50-6-901(5) (2014). He maintains that the exclusion found in Tennessee Code Annotated section 50-6-102(11)(E) does not apply to him, as he is not listed on the exemption registry established for CSPs. He, therefore, claims entitlement to benefits afforded employees under the Workers' Compensation Law without making an election of coverage.

Mr. Bennett further states that, even if Tennessee Code Annotated section 50-6-102(11)(B) applies to him, it is a directory provision rather than a mandatory provision. He asserts that the Tennessee Supreme Court has held that statutory provisions relating to the mode or time of doing an act are ordinarily directory in nature and only require substantial compliance. Mr. Bennett cites to *Shaw v. Aetna Life & Cas. Ins. Co.*, No. 02S01-9406-CH-00034, 1995 WL 866413 (Tenn. Jan. 24, 1995), and *Presley v. Bennett*, 860 S.W.2d 857 (Tenn. 1993), to show that an implicit agreement between the parties regarding coverage under workers' compensation has been found to constitute substantial compliance with the election requirement. While Mr. Bennett recognizes that these cases were decided prior to July 1, 2014, he submits that the outcome would not change under the current statutory construction.

Finally, Mr. Bennett suggests that the Court of Workers' Compensation Claims is not the appropriate forum for addressing issues regarding coverage under the workers' compensation insurance policy, and he argues that the Respondents did not properly preserve this issue on the DCN. According to Mr. Bennett, Tennessee Code Annotated section 50-6-238(a)(3) (2014) defines the duties of a workers' compensation judge, which include hearing and determining claims for compensation; approving settlements of claims for compensation; conducting hearings; and making orders, decisions, and determinations. Mr. Bennett avers that interpreting a contract of insurance oversteps the bounds of the statute. Mr. Bennett alleges that the Court's sole duty is to determine whether an employer-employee relationship exists and whether the employee suffered a compensable injury under the Act. He also claims that the DCN's mention of "coverage" referred to coverage in a statutory sense rather than coverage under the policy. Consequently, he asks the Court to decline the Respondents' request to address this issue.

5

## Respondents' Contentions

The Respondents argue that Mr. Bennett is not an employee as defined by the Tennessee Workers' Compensation Law, as he failed to file an election in accordance with Tennessee Code Annotated section 50-6-102(11)(B). According to the Respondents, Mr. Bennett shared TCS's profits and losses with Mr. Hoover since approximately 2003. The Respondents suggest that this sharing of profits and losses characterizes the natural and ordinary meaning of the term "partner." The Respondents also assert that Tennessee Code Annotated section 50-6-104(f) and Tennessee Code Annotated section 50-6-903(a) were enacted well after Tennessee Code Annotated section 50-6-102(11)(B), so they have no bearing on an interpretation of Tennessee Code Annotated section 50-6-102(11)(B). Based on the foregoing, the Respondents contend that Mr. Bennett is a partner in accordance with Tennessee Code Annotated section 50-6-102(11)(B) and that the election provision of that section would require him to file an election before he could be deemed an employee.

The Respondents further question the applicability of the substantial compliance standard established in the *Shaw* and *Presley* cases cited by Mr. Bennett, which were decided under old law. While the Respondents reject the suggestion that these cases would apply to claims arising after July 1, 2014, they maintain that, even if substantial compliance were sufficient, Mr. Bennett made no effort to comply with the election requirement. The Respondents allege that Mr. Bennett simply assumed he was covered but never specifically spoke to anyone, reviewed the policy, or took any action to comply with the election provision.

Moreover, the Respondents claim that Mr. Bennett was not required to be covered under Part 9 of the Tennessee Workers' Compensation Law and, in fact, was not covered under the workers' compensation insurance policy at the time of his injury. The Respondents note that Tennessee Code Annotated section 50-6-902(a) (2014) requires a CSP to carry workers' compensation insurance on himself unless an exception applies. The Respondents suggest that the exception in Tennessee Code Annotated section 50-6-902(b)(4) applies to Mr. Bennett because he was performing work directly for the owner of the property, Duane Sell, at the time of his injury and was not acting as a general or intermediate contractor on the job. The Respondents point out that Tennessee Code Annotated section 50-6-902(b)(4) does not require a CSP to file with the registry established by Tennessee Code Annotated section 50-6-905 (2014) (Exemption Registry). Furthermore, the Respondents refer to the testimony of Ms. Hilliard and to the workers' compensation insurance policy in effect at the time of Mr. Bennett's injury to show that the policy did not include Mr. Bennett as a covered owner. The Respondents blame the insurance agent, Clay & Land, for any problems with the policy and indicate that a separate action must be filed to address that issue. Nevertheless, the Respondents state it is clear that Mr. Bennett was not covered under the policy.

6

Lastly, the Respondents raise a due process challenge based on the limited time provided by the statute and rules to prepare for and participate in an evidentiary hearing. They also support their due process challenge by pointing to their lack of recourse, should they be ordered in the course of this interlocutory process to pay benefits for which they may later be found not liable.

## Findings of Fact and Conclusions of Law

### Standard Applied

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.*

### Factual Findings

The Court finds that on March 23, 2015, Mr. Bennett was working on the roof of Economy Rentals in Olive Branch, Mississippi, in furtherance of TCS's interests, when he fell approximately twenty feet, sustaining multiple, serious injuries. Mr. Bennett timely reported his fall to TCS. Prior to his injury, however, Mr. Bennett did not file an election with the Bureau to be included in the definition of "employee" under the Workers' Compensation Law. Consequently, the Respondents denied Mr. Bennett's claim. Mr. Bennett's contract of hire was formed in Tennessee in approximately 2003. At the time of Mr. Bennett's fall, TCS was a Tennessee limited liability company of which Mr. Bennett was a thirty-percent member. Furthermore, Mr. Bennett is a CSP as defined by the Tennessee Code Annotated section 50-6-901(5).

### Application of Law to Facts

1.  *Whether Mr. Bennett is an employee of TCS, as defined by the Tennessee Workers' Compensation Law.*

Tennessee Code Annotated section 50-6-102(11) defines the term "employee." Pursuant to this section, an "employee" includes "every person . . . in the service of an employer as defined in subdivision (12), under any contract of hire or apprenticeship, written or implied." This definition also includes "a sole proprietor or a partner who

7

devotes full time to the proprietorship or partnership and elects to be included in the definition of employee by filing written notice with the [Bureau] at least thirty (30) days before the occurrence of any injury or death." Tenn. Code Ann. § 50-6-102(11)(B) (2014). However, the definition does not include a CSP if the CSP is:

(i) Listed on the registry established pursuant to part 9 of this chapter as having a workers' compensation exemption and is working in the service of the business entity through which the provider obtained such an exemption;

(ii) Not covered under a policy of workers' compensation insurance maintained by the person or entity for whom the provider is providing services; *and*

(iii) Rendering services on a construction project that:
   (a) Is not a commercial construction project, as defined in § 50-6-901; or
   (b) Is a commercial construction project, as defined in §50-6-901, and the general contractor for whom the [CSP] renders construction services complies with § 50-6-914(b)(2)[.]

Tenn. Code Ann. § 50-6-102(11)(E) (2014) (emphasis added).

The Respondents ask this Court to find that Mr. Bennett is not an employee of TCS based on his failure to file an election with the Bureau pursuant to Tennessee Code Annotated section 50-6-102(11)(B). Citing Black's Law Dictionary, the Respondents claim that the natural and ordinary meaning of the term "partner" encompasses "[o]ne who shares or takes part with another, esp. in a venture with *shared benefits and shared risks*." *Partner, Black's Law Dictionary* (7th ed. 1999) (emphasis added). They argue that Mr. Bennett is a "partner," as he has shared TCS's profits and losses with Mr. Hoover since approximately 2003 and must, therefore, elect to be included in the definition of "employee." He failed to do so. Even assuming that Mr. Bennett is a "partner" pursuant to this provision,[3] however, the Respondents' argument fails to take into account Mr. Bennett's status as a CSP under part nine of the Tennessee Code's fiftieth chapter (Part 9).

Part 9 defines a CSP as "any person or entity engaged in the construction industry." Tenn. Code Ann. § 50-6-901(5) (2014). While the language of Part 9 neither expands nor changes the definition of "employee" set forth in Tennessee Code Annotated section 50-6-102(11), it requires CSPs who are not on the Exemption Registry, or who are not specifically excepted from the coverage requirement, to carry workers' compensation insurance. A CSP who is also a partner, or member of a limited liability

---

[3] As the Respondents' attorney noted during the hearing, the Bureau has treated members of limited liability companies as partners for purposes of Tennessee Code Annotated section 50-6-102(11)(B) as a matter of policy.

company, can apply for exemption under Tennessee Code Annotated section 50-6-903(a), and thus "opt out" of coverage, if the partner or member owns at least twenty percent of the company. The question becomes whether such a CSP who chooses not to file for exemption also needs to file an election pursuant to Tennessee Code Annotated section 50-6-102(11)(B).

The guiding principle of statutory interpretation is to "ascertain and give effect to the legislature's intent without unduly restricting or expanding a statute's coverage beyond its intended scope." *Lyons v. Rasar*, 872 S.W.2d 895, 897 (Tenn. 1994). When one or more statutory provisions relates to the same subject matter or form part of a comprehensive statutory scheme, then a court must construe those provisions together and harmonize them where possible. *See id.* To give effect to the entire statute, this Court finds that Tennessee Code Annotated section 50-6-102(11)(B) only applies to sole proprietors and partners who are not involved in the construction industry. Accordingly, this Court concludes that the election requirement found in Tennessee Code Annotated section 50-6-102(11)(B) is inapplicable to CSPs.

In the present case, the Respondents have not raised any issue regarding TCS's status as an employer as defined by Tennessee Code Annotated section 50-6-102(12). In addition, the parties have stipulated that Mr. Bennett was working in furtherance of TCS's interests on the date of his injury and have agreed that Mr. Bennett's contract of hire was formed in Tennessee in 2003. (C. Tr. at 18.) As such, Mr. Bennett meets the definition of "employee" in Tennessee Code Annotated section 50-6-102(11)(A).

The parties further agree that Mr. Bennett is a CSP as defined by Tennessee Code Annotated section 50-6-901(5). (C. Tr. at 18, 40, 65, 109.) Consequently, the election requirement of Tennessee Code Annotated section 50-6-102(11)(B) would not apply to him. Furthermore, there has been no proof presented to show that Mr. Bennett is listed on the Exemption Registry so as to exclude him from the definition of "employee" under Tennessee Code Annotated section 50-6-102(11)(E). Therefore, Mr. Bennett is an employee as defined by the Tennessee Workers' Compensation Law.

*2.      Whether the policy in effect at the time of the injury covered Mr. Bennett as a member of the LLC.*

With regard to the issue of coverage, this Court disagrees with the Respondents' contention that Tennessee Code Annotated section 50-6-902(b)(4) applies to Mr. Bennett. This section provides that CSPs who perform work directly for the owner of the property and are not acting as a general or intermediate contractor on the job are exempt from carrying workers' compensation insurance on themselves without any requirement to file with the exemption registry. Tenn. Code Ann. § 50-6-902(b)(4) (2014). The Respondents suggest that Mr. Bennett was working directly for the owner of Economy Rentals, Duane Sell, at the time of his injury. However, no evidence has been presented to prove that Mr.

9

Sell was, in fact, the property owner. Furthermore, the parties have stipulated that Mr. Bennett, a member of TCS, was working on the roof at Economy Rentals on March 23, 2015, in furtherance of TCS's interests. As such, the Court finds that he was not working directly for Mr. Sell but for TCS at the time of his injury. Therefore, the exception laid out in Tennessee Code Annotated section 50-6-902(b)(4) would not apply to Mr. Bennett, and he would be required to carry workers' compensation insurance on himself pursuant to Tennessee Code Annotated section 50-6-902(a).

Having so found, however, the undersigned finds that this Court is not the appropriate forum for deciding the issue of coverage pursuant to the workers' compensation insurance policy in effect at the time of Mr. Bennett's injury. Deciding this issue would require the Court to overstep its statutory authority. Consequently, this Court declines to address the issue.

> 3. *Whether the timeframes and lack of recourse under the Workers' Compensation Law and applicable rules violate the Respondents' due process rights.*

This Court also declines to address the Respondents' due process challenge. The Respondents did not raise the due process issue on the DCN. Citing to Tennessee Code Annotated section 50-6-239(b) (2014), the Tennessee Workers' Compensation Appeals Board has held that "issues not listed on the DCN may not be presented for adjudication unless the trial court makes express findings that the parties did not have knowledge of the issue prior to the issuance of the DCN; that the parties could not have known of the issue despite reasonable investigation; and that prohibiting presentation of the issue would result in substantial injustice to the petitioning party." *Dorsey v. Amazon.com, Inc.*, No. 2015-01-0017, 2015 TN Wrk. Comp. App. Bd. LEXIS 13, at *8-9 (Tenn. Workers' Comp. App. Bd. May 14, 2015). As the Court cannot make these requisite findings, it will not address the merits of the due process challenge.

Based on the foregoing, Mr. Bennett has come forward with sufficient evidence from which this Court concludes that he is likely to prevail at a hearing on the merits in proving that he is an employee as defined by the Tennessee Workers' Compensation Law.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Bennett is an employee as defined by the Tennessee Workers' Compensation Law.

2. No specific benefits are ordered at this time as no evidence was presented at the Expedited Hearing regarding medical or temporary disability benefits. If necessary, the parties may request further review of these issues at a later hearing.

3. This matter is set for Initial Hearing on October 28, 2015, at 10:00 a.m. central time.

**ENTERED this the 10th day of September, 2015.**

**Judge Jim Umsted**
**Court of Workers' Compensation Claims**

Initial Hearing:

A Scheduling Hearing has been set with **Judge Jim Umsted, Court of Workers' Compensation Claims. You must call 615-532-9550 or toll free at 866-943-0014 to participate in the Initial Hearing.**

**Please Note: <u>You must call in on the scheduled date/time to participate.</u> Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying

the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appealing party shall file such position statement with the Court Clerk within three business days of the filing of the Expedited Hearing Notice of Appeal, specifying the issues presented for review and including any argument in support thereof. If the appellee elects to file a response in opposition to the interlocutory appeal, appellee shall do so within three business days of the filing of the appellant's position statement.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 10th day of September, 2015.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|------|------|------|------|
| Frank B. Thacher, Esq. | | | X | fthacher@bpjlaw.com |
| Chad M. Jackson, Esq. | | | X | cjackson@morganakins.com |

Penny Shrum, Clerk of Court
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

12