FILED

06/22/2021

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
February 2, 2021 Session

## STATE OF TENNESSEE v. ANTHONY LEE CARTER

**Appeal from the Circuit Court for Madison County**
**No. 19-94     Donald H. Allen, Judge**

_____

### No. W2019-02278-CCA-R3-CD

_____

The Defendant, Anthony Lee Carter, appeals from his Madison County Circuit Court conviction for driving as a motor vehicle habitual offender ("MVHO"), for which he received a six-year sentence. On appeal, the Defendant argues that after his arrest and before his trial, our legislature amended the Motor Vehicle Habitual Offenders Act such that the Defendant was entitled to the benefit of a lesser penalty under our criminal savings statute. See Tenn. Code Ann. §§ 39-11-112 (savings statute), 55-10-601 (MVHO Act). Following our review, we conclude that when the legislature removed the offense of driving as a MVHO and the associated penalty and replaced it with a mechanism for MVHOs to petition for reinstatement of their driver's licenses, the legislature enacted a lesser penalty. As a result, the Defendant should benefit from the lesser penalty pursuant to the criminal savings statute.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed;**
**Case Remanded**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and J. ROSS DYER, JJ., joined.

Jessica F. Butler, Assistant Public Defender, Public Defender's Conference (on appeal); George Morton Googe, District Public Defender, and Gregory D. Gookin, Assistant Public Defender (at trial), for the appellant, Anthony Lee Carter.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Jody S. Pickens, District Attorney General; and Eric V. Wood, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

FACTUAL BACKGROUND

On September 17, 2018, the Defendant, who had a lengthy criminal history and was declared a MVHO in 1987, was arrested for driving as a MVHO, felony evading arrest, and misdemeanor traffic offenses.[1] The proof at trial established that in the early hours of the morning, officers initiated a traffic stop after observing the Defendant's committing a traffic infraction and driving a car with an expired registration. The Defendant drove one mile to a motel parking lot before stopping, fled from the officers on foot, and unsuccessfully attempted to hide in a motel room. The officers questioned the Defendant's passenger, who identified the Defendant as the driver, and the officers reviewed their dashboard camera's recording at the scene and identified the room into which the Defendant fled. It was undisputed that the Defendant was a MVHO at the time he drove the car.

Before the Defendant's case went to trial, on May 24, 2019, our legislature passed a bill removing the statutory provisions related to the MVHO offense and replacing them with a procedure to reinstate a MVHO's driver's license. See 2019 Tenn. Pub. Acts, ch. 486, § 3. The relevant portion of the bill, which was entitled "AN ACT to amend Tennessee Code Annotated, Title 39; Title 40 and Title 55, relative to criminal law," provided,

> Tennessee Code Annotated, Title 55, Chapter 10, Part 6 is amended by deleting the part and substituting instead the following:
>
> A person whose driver license has been revoked or restricted due solely to the person's status as a motor vehicle habitual offender prior to July 1, 2019, may petition the court that originally made such a finding to reinstate the person's driver license. Upon receiving a petition for a reinstated driver license, the court shall determine whether the person's driver license was subject to revocation or restriction under prior law due solely to the person's status as a motor vehicle habitual offender and, if so, order the reinstatement of the person's driver license. The person may provide a copy of the court's order to the department of safety, which shall then reissue the person's driver license without restriction.

After a jury trial on August 1, 2019, the Defendant was convicted of driving as a MVHO, a Class E felony; evading arrest in a motor vehicle, a Class E felony; improper lane change, a Class C misdemeanor; violation of the financial responsibility law, a Class

---

[1] The Defendant's only issue on direct appeal is whether the criminal savings statute applies to his conviction in Count 1, driving as a MVHO. He does not contest the factual basis for his conviction in Count 1 or raise issues relative to his remaining convictions; accordingly, we will limit our recitation of the facts to those necessary to provide context.

–2–

C misdemeanor; and evading arrest, a Class A misdemeanor.[2]  See Tenn. Code Ann. §§ 39-16-603, 55-8-123, 55-10-616, 55-12-139.

At the sentencing hearing, defense counsel made a motion to dismiss the Defendant's conviction in Count 1, noting the July 1, 2019 change in the law; in the alternative, defense counsel requested that the trial court enter a judgment in Count 1 reflecting no sentence.   The trial court stated relative to the amendment, "I'm not sure the legislature understood what they were doing.   I understand they were trying to make it so that people who were [MVHOs] could hopefully get that status lifted[.]"   The court asked defense counsel whether the legislature intended to "do away with prosecutions" for driving as a MVHO.   Counsel responded affirmatively, noting that the legislature wished to prioritize incarceration of violent offenders in order to curtail the cost of rising prison populations.   Counsel also cited to a section of the relevant bill reclassifying all failures to appear as misdemeanor offenses.

The trial court denied the motion, noting that the Defendant's conduct was illegal at the time it was committed and that "notwithstanding any subsequent repeal" of the statute, the Defendant was subject to prosecution for driving as a MVHO.   The court subsequently imposed a sentence of six years for driving as a MVHO as a Range III, career offender. The trial court ordered partial consecutive sentencing such that the Defendant's effective sentence was twelve years.   After the Defendant's motion for a new trial was denied, he timely appealed.

## ANALYSIS

The Defendant's sole contention on appeal is whether the criminal savings statute should apply to his conviction for driving as a MVHO in light of the legislature's having removed the penalty and the offense itself from Title 55, Chapter 10, Part 6.   The Defendant argues that no penalty is a form of a lesser penalty and requests that this court order the entry of a judgment reflecting a zero-day sentence.   The Defendant notes in support of his argument that although the legislature eliminated the possibility that a MVHO could receive a felony sentence in confinement, it did not remove the MVHO designation from those previously designated as such and that as a result, MVHOs could still be prosecuted for misdemeanor offenses like driving with a revoked license.   See Tenn. Code Ann. § 55-50-504.   The State responds that the legislature repealed the MVHO Act and did not thereby reduce the penalty for driving as a MVHO.

---

[2] The jury acquitted the Defendant of violation of the registration law, as it was noted at trial that the car was not registered in the Defendant's name.

In order to address the Defendant's issue, we must engage in statutory interpretation. "The most basic principle of statutory construction is to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." Owens v. State, 908 S.W.2d 923, 926 (Tenn. 1995) (citing State v. Sliger, 846 S.W.2d 262, 263 (Tenn. 1993)). "We presume that every word in a statute has meaning and purpose and should be given full effect if the obvious intention of the General Assembly is not violated by so doing." State v. Sherman, 266 S.W.3d 395, 401 (Tenn. 2008). Where the statute's language is clear and unambiguous, we derive the legislative intent from its plain and ordinary meaning. State v. Collins, 166 S.W.3d 721, 726 (Tenn. 2005) (citing State v. Wilson, 132 S.W.3d 340, 341 (Tenn. 2004)). If, however, "the parties derive different interpretations from the statutory language, an ambiguity exists, and we must look to the entire statutory scheme in seeking to ascertain legislative intent." Owens, 908 S.W.2d at 926 (citing Lyons v. Rasar, 872 S.W.2d 895, 897 (Tenn. 1994)).

In ascertaining the intent of the legislature, courts "'may look to the language of the statute, its subject matter, the object and reach of the statute, the wrong or evil which it seeks to remedy or prevent, and the purpose sought to be accomplished in its enactment.'" Collins, 166 S.W.3d at 726 (quoting State v. Gilliland, 22 S.W.3d 266, 275 (Tenn. 2000)). "Statutes 'in pari materia'—those relating to the same subject or having a common purpose—are to be construed together." Owens, 908 S.W.2d at 926 (citing Lyons, 872 S.W.2d at 897). Statutes are presumed to apply prospectively in the absence of clear legislative intent to the contrary. Van Tran v. State, 66 S.W.3d 790, 797-98 (Tenn. 2001). Furthermore, the rules of statutory construction direct courts not to "apply a particular interpretation to a statute if that interpretation would yield an absurd result." State v. Sims, 45 S.W.3d 1, 11 (Tenn. 2001). Statutory interpretation involves questions of law that we review de novo with no presumption of correctness. State v. McNack, 356 S.W.3d 906, 908 (Tenn. 2011).

The Defendant was convicted in Count 1 of violating Tennessee Code Annotated section 55-10-616(b) (2018), which provided that "[a]ny person found to be an habitual offender under this part who thereafter is convicted of operating a motor vehicle in this state while the judgment or order of the court prohibiting such operation is in effect commits a Class E felony." As stated above, the legislature deleted the entirety of Part 6 by an amendment passed on May 24, 2019; the relevant part was replaced by the current Code section 55-10-601, which provides a method for a MVHO to petition for reinstatement of a driver's license that was revoked solely pursuant to the MVHO Act. 2019 Tenn. Pub. Acts, ch. 486, § 3. The parties dispute whether the Defendant can benefit from the change in the law.

The Defendant's December 2019 sentencing hearing took place after the MVHO

Act was repealed.[3]   The criminal savings statute found in Tennessee Code Annotated section 39-11-112 provides as follows:

> When a penal statute or penal legislative act of the state is repealed or amended by a subsequent legislative act, the offense, as defined by the statute or act being repealed or amended, committed while the statute or act was in full force and effect shall be prosecuted under the act or statute in effect at the time of the commission of the offense.   Except as provided under § 40-35-117, in the event the subsequent act provides for a lesser penalty, any punishment imposed shall be in accordance with the subsequent act.

On November 25, 1987, the Madison County Circuit Court found that the Defendant was a MVHO pursuant to the version of the MVHO Act in effect at the time; accordingly, it issued an order prohibiting the Defendant from operating a motor vehicle in Tennessee and directing the Defendant to surrender his driver's license to the Circuit Court Clerk.   At the time the Defendant was stopped for improperly changing lanes and driving a car with an expired registration, Code section 55-10-616(b) provided that as a MVHO, the Defendant had committed a Class E felony.

Relevant to the situation presented here, when a criminal statute is amended or repealed, "in the event the subsequent act provides for a lesser penalty," a defendant who is sentenced after the effective date of the new statute is entitled to the benefit of the lesser penalty.   Tenn. Code Ann. § 39-11-111.   Our task in this case is to interpret whether the legislature imposed a "lesser penalty" when it revised the MVHO Act on May 24, 2019.

The Defendant asserts that the savings statute and MVHO Act are ambiguous and that we should therefore consult the legislative history of the amendment to the MVHO Act to determine whether the legislature intended to impose a "lesser penalty."   In response, the State argues that delving into the legislative history is unnecessary because

---

[3] The question of law raised in this appeal has also been raised in three other appeals from the 26th Judicial District pending disposition in this court; we note that two of those appeals were lodged by the State. See State v. Marvin Maurice DeBerry, No. W2019-01666-CCA-R3-CD, 2021 WL 1561688 (Tenn. Crim. App. Apr. 21, 2021); State v. George H. Person, No. W2020-00937-CCA-R3-CD (oral argument heard Apr. 6, 2021); State v. William Austin, Jr., No. W2020-01428-CCA-R3-CD (defendant's notice of appeal filed October 14, 2020).   In Deberry, a panel of this court noted that the effective date of the MVHO Act's repeal was ambiguous.   2021 WL 1561688, at *5-6.   After a thorough examination of the legislative history, the panel concluded that the intended effective date was July 1, 2019, and we concur in that analysis.   Id.   At any rate, it is not argued in this appeal that the conduct underlying the Defendant's conviction occurred after the repeal's effective date or that the Defendant's December 2019 sentence was imposed before the repeal's effective date.

neither the new MVHO Act nor the savings statute are ambiguous.

In support of his argument for ambiguity in the savings statute, the Defendant argues that "ongoing confusion" exists in the trial courts and highlights our supreme court's three recent opinions clarifying the application of the savings statute to changes in the theft grading statute.  See State v. Tolle, 591 S.W.3d 539, 546 (Tenn. 2019); State v. Keese, 591 S.W.3d 75, 84 (Tenn. 2019); State v. Menke, 590 S.W.3d 455, 470 (Tenn. 2019).[4] The Defendant also notes the parties' arguments at the sentencing hearing, the trial court's "own confusion" about the application of the amended MVHO statute, and two Madison County cases filed in this court, in which Circuit Court Judge Roy B. Morgan, Jr., concluded that the savings statute applied to the MVHO statute.  See DeBerry, 2021 WL 1561688; Person, No. W2020-00937-CCA-R3-CD.

We conclude that the parties provide two reasonable statutory interpretations.  The State asserts that the savings statute does not "prohibit the imposition of penalties for crimes committed before a criminal statue [was] repealed"; that is, the State urges us to distinguish between situations in which the legislature replaced statutory language such that the statute explicitly sets forth a less severe penalty, and those in which the legislature repealed a statute such that the relevant behavior is no longer a crime.  The Defendant asserts that the absence of a penalty is inherently a lesser penalty and that the legislature intended the amendment to the MVHO law to provide a lesser punishment for MVHO offenders.  We conclude that these interpretations are both reasonable; accordingly, we turn to the legislative history.  See Powers v. State, 343 S.W.3d 36, 50 n.20 (Tenn. 2011) (noting that although an ambiguity cannot be manufactured by a nonsensical interpretation, two reasonable interpretations of a statute demonstrate an ambiguity).

Our review of the legislative history of the amendment to the MVHO statute reflects that the legislature intended to provide for a decreased punishment.  The law repealing the MVHO Act included changes to penalties associated with other criminal statutes; for example the law decreased punishment for a failure to appear and increased punishment for theft of a firearm.  See 2019 Tenn. Pub. Acts, ch. 486, §§ 4, 8.  When Senator John Stevens described the law to the Senate Judiciary Committee, he stated that it "decreases some penalties for some things, but then it ends up increasing the penalties for others." Senator Stevens specifically noted the repeal of the MVHO Act in his discussion of decreased penalties.  Senator Stevens also summarized the history of the MVHO Act to the Senate Finance, Ways, and Means Committee, where he noted that the original intent of the MVHO Act was to provide law enforcement with a tool for addressing multiple motor vehicle offenders, but that sufficient penalties currently existed through laws

---

[4] The Defendant acknowledges that his case is distinguishable from these three cases.

prohibiting driving under the influence. He characterized the bill as "a reduction in the criminal code." Senator Stevens reiterated prior to the bill's passage in the Senate that the new statute was intended to provide relief for those who "would just continue to drive illegally either going to work or something like that because they would have their license lost."

Likewise, in the Tennessee House of Representatives, Representative William Lamberth characterized the bill as providing for several "reductions in penalty" for certain offenses as well as "increases in penalties" for others. Representative Lamberth stated to the Judiciary Committee that the law "moves some penalties down on a few crimes; it moves some others up." Likewise, he noted to the Finance, Ways, and Means Committee that the bill was meant to "alleviate some incarceration time" for some offenders while increasing it for others. Representative Lamberth also stated that the act was intended to reduce prison expenditures by reserving prison beds for "the worst of the worst" while lowering sanctions for other offenses.

We conclude that the legislative history clearly reflects that that the legislature intended to impose a lesser penalty on MVHOs by repealing and amending the MVHO Act to eliminate the offense of driving as a MVHO. Accordingly, we must endeavor to give effect to the legislature's intent in our analysis of the Defendant's issue. See Carter, 279 S.W.3d at 564.

We note that our supreme court has previously given defendants the benefit of the lesser of two punishments when the alteration of a statute resulted in a reduced penalty. In State v. Pearson, our supreme court concluded that relative to a defendant who committed an offense prior to the passage of the 1989 Sentencing Act and was sentenced after its effective date, the court "must calculate the appropriate sentence under both the 1982 statute and the 1989 statute, in their entirety, and then impose the lesser sentence of the two." 858 S.W.2d 879, 884 (Tenn. 1993). Likewise, in Menke, the Tennessee Supreme Court concluded that the amendment of the theft grading statute imposed a lesser punishment under the savings statute. 590 S.W.3d at 468. The Menke court concluded that "[u]nder the language of the Criminal Savings Statute, a clear legislative directive regarding retroactive application is not required for a defendant to benefit from the lesser punishment imposed by the subsequent act." Id. at 470 (citing Tenn. Code Ann. § 39-11-112). Here, we likewise conclude that, even in the absence of explicit language mandating retroactive application of the lesser penalty, the savings statute should be applied to the Defendant's benefit. See Deberry, 2021 WL 1561688, at *9.

Because we determine that no penalty is a lesser penalty under the savings statute, we conclude that the trial court erred by applying the greater punishment to the Defendant's

conviction. <u>See</u> <u>Amber Jones, et al., v. Kent Coleman, et al.</u>, No. 3:16-CV-00677, 2017 WL 3025596, at *3 (M.D. Tenn. July 14, 2017) (concluding that the plaintiffs' claims were moot in part because the law they were challenging, under which they feared they could be fined for acts committed while the law was in place, had been repealed, and the new law provided no penalties), <u>aff'd sub nom.</u> <u>Jones v. Haynes</u>, 736 Fed. App'x 585 (6th Cir. 2018); <u>compare</u> <u>State v. Ariel Ben Sherman and Jacqueline P. Crank</u>, No. E2006-01226-CCA-R3-CD, 2007 WL 2011032, at *2, 4 (Tenn. Crim. App. July 12, 2007) (concluding the defendants could be prosecuted under a repealed statute despite their argument that zero punishment was a lesser penalty), <u>aff'd by</u> <u>Sherman</u>, 266 S.W.3d at 401 n.5 (noting that this court had concluded that the savings statute applied to preserve prosecution under the former version of the statute and observing that the issue was "not before this [c]ourt"). Accordingly, we vacate the Defendant's six-year sentence in Count 1 and direct the trial court to enter an amended judgment form reflecting a conviction for driving as a MVHO and a zero-day sentence. <u>See</u> <u>Deberry</u>, 2021 WL 1561688, at *9 (affirming the trial court's application of the savings statute by vacating the sentence and fine from the defendant's conviction for driving as a MVHO).

## CONCLUSION

In light of the foregoing and the record as a whole, we reverse the judgment of the trial court and remand this case for the entry of an amended judgment in Count 1, driving as a MVHO, reflecting a sentence of zero days.

_____
D. KELLY THOMAS, JR., JUDGE