IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 17, 2024

## STATE OF TENNESSEE v. BUFORD DUDLEY CREIGHTON

**Appeal from the Criminal Court for Davidson County**
**No. 2023-A-103      Steve R. Dozier, Judge**

_____

## No. M2023-01295-CCA-R3-CD

_____

Defendant, Buford Dudley Creighton, claims that the evidence presented at his bench trial was insufficient to support his conviction for identity theft. We determine that the proof was sufficient to show that Defendant used the personal identifying information of another with the intent to avoid criminal prosecution and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which JOHN W. CAMPBELL, SR., and MATTHEW J. WILSON, JJ., joined.

William Allensworth (on appeal) and Cody Fisher (at trial), Nashville, Tennessee, for the appellant, Buford Dudley Creighton.

Jonathan Skrmetti, Attorney General and Reporter; Katherine C. Redding, Senior Assistant Attorney General; Glenn R. Funk, District Attorney General; and Chantley Frazier and James Schiffbauer, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

The Davidson County Grand Jury indicted Defendant for identity theft, theft of property valued at $1,000 or less, and resisting arrest. The parties agreed to waive trial by jury. At the outset of the bench trial, Defendant pled guilty to theft of property and resisting arrest, and the trial proceeded on the charge of identity theft.

Metropolitan Nashville Police Department Officer Jordan Vrbas testified that, when he entered the Walgreens at 1104 Rosa L. Parks Boulevard in Nashville on September 18,

2022, a Walgreens employee approached him and reported that a man was attempting to conceal merchandise under his clothing. Officer Vrbas activated his body-worn camera, "pe[e]ked around the corner," and observed Defendant concealing a bag of candy under his shirt. He approached Defendant from behind, "placed his hands on him," and said, "[H]ey, do me a favor, put your other hand behind your back." Officer Vrbas, who was in uniform, said that Defendant "turned around, saw me, [and] recognized me as the police officer." Officer Vrbas said that Defendant did not put his left hand behind his back and "forcefully pulled away." A struggle ensued with both men "going to the ground." The struggle continued until a second officer arrived and helped handcuff Defendant. During a search incident to arrest, officers found a hypodermic needle, a "health nutritional drink," and a bag of candy on Defendant's person.

After putting Defendant in the back of his patrol car, Officer Vrbas asked him for his name and social security number. According to Officer Vrbas, Defendant "confidently" gave him a social security number with the last four digits of 9294 and the name Houston Creighton. Officer Vrbas said that, at the time of the arrest, the police department's records system was "down," so he used the social security number to search the Tennessee Driver's License database and found a photo that resembled Defendant. Initially, Officer Vrbas obtained warrants charging Houston Creighton with misdemeanor theft and resisting arrest.

Officer Vrbas testified that, on September 20, 2022, the District Attorney General's Office notified him that Defendant had been identified based on his fingerprints and that Defendant had falsely identified himself as Houston Creighton, Defendant's younger brother. Officer Vrbas obtained new warrants charging Defendant with misdemeanor theft, resisting arrest, and identity theft.

Defendant's mother, Francis Nash, testified that the last four digits of Defendant's social security number were 9395 and that Houston Creighton's social security number ended in 9294. She said she notified Houston Creighton about Defendant's providing Houston Creigton's name and social security number to the police when Defendant was arrested.

Houston Creighton testified that he lived in the state of Washington and that he flew to Nashville for Defendant's trial. He said that his mother contacted him after Defendant was arrested for identity theft and that he immediately filed a police report. He said that it had been "quite a while" since the last time he saw Defendant and that, on that occasion, he and Defendant got into a physical altercation. He said that his social security number ended in 9294 and that he did not know how Defendant knew his social security number.

At the conclusion of the trial, the trial court found Defendant guilty of identity theft. Following a sentencing hearing, the trial court sentenced Defendant to four years for

identity theft and to concurrent terms of eleven months and twenty-nine days for misdemeanor theft and six months for resisting arrest.

Defendant timely appealed.

**Analysis**

Defendant claims that "[b]ecause this case involved no effort to obtain credit, goods, services, medical information, or any analogous thing of value, the evidence contained in the record is legally insufficient to sustain [his] identity theft conviction." Defendant also claims that there was no proof that he did not have permission to use his brother's name and social security number. The State argues that "the evidence is sufficient to sustain Defendant's conviction for identity theft where, in an attempt to evade prosecution, Defendant gave his brother's social security number to the arresting officer." We agree with the State.

Our standard of review for a sufficiency of the evidence challenge is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original); *see also* Tenn. R. App. P. 13(e). Questions of fact, the credibility of witnesses, and weight of the evidence are resolved by the fact finder. *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997). This court will not reweigh the evidence. *Id.* Our standard of review "is the same whether the conviction is based upon direct or circumstantial evidence." *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009)) (internal quotation marks omitted).

A finding of guilt, whether by a jury or a trial judge, removes the presumption of innocence, replacing it with a presumption of guilt. *Bland*, 958 S.W.2d at 659; *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). The defendant bears the burden of proving why the evidence was insufficient to support the conviction. *Bland*, 958 S.W.2d at 659; *Tuggle*, 639 S.W.2d at 914. On appeal, the "State must be afforded the strongest legitimate view of the evidence and all reasonable inferences that may be drawn therefrom." *State v. Vasques*, 221 S.W.3d 514, 521 (Tenn. 2007).

As applicable to this case,

A person commits the offense of identity theft who knowingly . . . uses, the personal identifying information of another . . . [w]ith the intent to commit *any unlawful act* including, but not limited to, obtaining or attempting to

- 3 -

obtain credit, goods, services or medical information in the name of such other person; and . . . [w]ithout the consent of such other person[.]

Tenn. Code Ann. § 39-14-150 (b)(1), (2) (2022) (emphasis added). Personal identifying information includes "any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual[.]" *Id.* § 39-14-150(e)(1) (2022).

Defendant argues on appeal that "the term 'any unlawful activity,' as it appears in subsection (b)(1), should be interpreted as applying to property crimes and crimes involving the unlawful use of confidential information." Defendant cites multiple canons of statutory construction to support his argument. Statutory construction is a question of law, which this court reviews de novo. *State v. Gentry*, 538 S.W.3d 413, 420 (Tenn. 2017). "The overriding purpose of a court in construing a statute is to ascertain and effectuate the legislative intent, without either expanding or contracting the statute's intended scope." *Wallace v. Metro. Gov't of Nashville*, 546 S.W.3d 47, 52-53 (Tenn. 2018). "In seeking to ascertain legislative intent, we must look to the entire statute in order to avoid any forced or subtle construction of the pertinent language." *Lyons v. Rasar*, 872 S.W.2d 895, 897 (Tenn. 1994). When a statute's text is unambiguous, we need look no further than the language of the statute itself. *See Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 527 (Tenn. 2010).

We determine that the term "any unlawful activity" as used in Tennessee Code Annotated section 39-14-150 (b)(1), although broad in scope, is not ambiguous. The plain language of the statute fully expresses the legislature's intent to encompass the many ways a person may use personal identifying information for criminal purposes and explicitly encompasses conduct in addition to "obtaining or attempting to obtain credit, goods, services or medical information in the name of such other person."

In the instant case, the proof at trial clearly established that Defendant falsely identified himself to Officer Vrbas by knowingly using his brother's name and social security number with the intent to avoid prosecution. This court has previously held that the use of another person's personal identifying information in an effort to avoid prosecution for criminal charges "clearly qualifies as an unlawful act." *State v. Clark*, No. W2017-00135-CCA-R3-CD, 2017 WL 4349454, at *3 (Tenn. Crim. App. Sept. 29, 2017) (affirming an identity theft conviction when defendant identified herself during a traffic stop using her cousin's name and birthdate and signed her cousin's name on a citation), *perm. app. denied* (Tenn. Jan. 23, 2018). In another case, this court affirmed a conviction for identity theft where a defendant signed his father's name to a citation, from which the jury could infer that the defendant intended to avoid a court appearance. *State v. Bowman*, No. W2003-02389-CCA-R3-CD, 2005 WL 94365, at *2 (Tenn. Crim. App. Jan. 13, 2005) *perm. app. denied* (Tenn. May 23, 2005). We find the reasoning in *Clark* and *Bowman* to

be highly persuasive, and we hold that knowingly using another person's personal identifying information with the intent to avoid prosecution is an unlawful act as defined in Tennessee Code Annotated section 39-14-150.

Defendant also argues on appeal that Houston Creighton "never explicitly testified" that Defendant did not have permission to use his personal identifying information, and therefore, the evidence is insufficient to prove identity theft. Although true, Defendant's brother testified that he did not know how Defendant obtained his social security number, that he had not seen Defendant for "quite a while," and that the last time he saw Defendant they had a physical altercation. When Houston Creighton was advised of Defendant's use of his identity, he immediately filed a police report. Viewed in a light most favorable to the State, the evidence was sufficient to show Defendant's brother did not consent to Defendant's use of his personal identifying information.

## Conclusion

The evidence was sufficient to support the conviction for identity theft. We affirm the judgment of the trial court.

_____
ROBERT L. HOLLOWAY, JR., JUDGE