IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 7, 2022 Session

## GREG GONZALES v. ORION FEDERAL CREDIT UNION ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 21-1037-I          Patricia Head Moskal, Chancellor**

_____

**Nos. M2022-00796-COA-R3-CV and M2022-00510-COA-R10-CV (Consolidated)**

_____

A federally chartered credit union agreed to purchase substantially all assets of a Tennessee-chartered bank. The Commissioner of the Tennessee Department of Financial Institutions objected. He contended that the transaction was prohibited by the Tennessee Banking Act because the credit union was not a bank holding company. So he sought declaratory and injunctive relief to stop the transaction. On cross-motions for summary judgment, the trial court concluded the sale of substantially all of the assets of a bank was not prohibited by the Act. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which ANDY D. BENNETT, and JEFFREY USMAN, JJ., joined.

Jonathan Skrmetti, Attorney General and Reporter; Andrée Sophia Blumstein, Solicitor General; James P. Urban, Deputy Attorney General; and Timothy R. Simonds, Assistant Attorney General, for the appellant, Greg Gonzales, Commissioner, Tennessee Department of Financial Institutions.

Brigid M. Carpenter, Nashville, Tennessee, for the appellees, Financial Federal Bank and Financial FedCorp, Inc.

W. Scott Sims and Mark W. Lenihan, Nashville, Tennessee for the appellee, Orion Federal Credit Union.

# OPINION

## I.

Orion Federal Credit Union is a federally chartered credit union organized under the Federal Credit Union Act. *See* 12 U.S.C. §§ 1751-1795k. It is headquartered in Memphis, Tennessee. Financial Federal Bank is a state-charted bank operating throughout Shelby County, Tennessee. It is a wholly-owned subsidiary of Financial FedCorp, Inc., a bank holding company registered under the Bank Holding Company Act of 1956. *See id.* §§ 1841-1852.

In August 2021, Orion, Financial Federal, and Financial FedCorp signed a purchase and assumption agreement. Under the agreement, Orion would purchase substantially all of Financial Federal's assets and assume all of its liabilities, subject to regulatory approval by the relevant federal agencies.[1] Upon completion of the purchase, Financial Federal would surrender its banking charter, dissolve, and terminate its existence.

Within a few months of their agreement, the Commissioner of the Tennessee Department of Financial Institutions sued Orion, Financial Federal, and Financial FedCorp. The Commissioner sought a declaratory judgment that the transaction violated the Tennessee Banking Act. Specifically he alleged it violated a statute that states "[n]o bank holding company or other banking institution" may "acquire, form or control a bank" unless the bank engages in certain specific banking activities. Tenn. Code Ann. § 45-2-107(a)(2) (2020). And "[n]o company that is not a bank holding company shall acquire, form or control a bank." *Id.* § 45-2-107(a)(3). The Commissioner also sought temporary and permanent injunctive relief enjoining Orion, Financial Federal, and Financial FedCorp from consummating the transaction.

The chancery court issued the temporary injunction. And the parties engaged in discovery. In the course of discovery, a dispute arose over certain documents the Commissioner claimed were privileged. After an in-camera review, the trial court ordered the Commissioner to produce some of the disputed documents. The Commissioner requested an extraordinary appeal by permission. *See* TENN. R. APP. P. 10. This Court granted the request and ordered a stay pending resolution of the interlocutory appeal.

Meanwhile, the chancery court ruled on the parties' cross-motions for summary judgment. It determined that the proposed transaction was not prohibited by Tennessee Code Annotated § 45-2-107(a). The terms "acquire" and "acquire a bank" as used in that subsection are "limited to the acquisition of a <u>bank</u> as a corporate entity[] and do[] not

---

[1] The transaction required the approval of both Orion's primary regulator, the National Credit Union Administration, and the Federal Deposit Insurance Corporation.

extend to the purchase of all or substantially all of the <u>assets</u> of a bank." So the court granted summary judgment to Orion, Financial Federal, and Financial FedCorp. At the Commissioner's request, the court stayed the final judgment pending appeal.[2] *See* TENN. R. CIV. P. 62.03.

## II.

We consolidated the interlocutory appeal of the order compelling discovery with the appeal of the final judgment. Because the interpretation of the statute impacts the discovery dispute, we address the grant of summary judgment first.

### A.

Summary judgment may be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." TENN. R. CIV. P. 56.04. The party moving for summary judgment has "the burden of persuading the court that no genuine and material factual issues exist and that it is, therefore, entitled to judgment as a matter of law." *Byrd v. Hall*, 847 S.W.2d 208, 211 (Tenn. 1993). If the moving party satisfies its burden, "the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial." *Id.*

When considering cross-motions for summary judgment, the trial court "must rule on each party's motion on an individual and separate basis." *CAO Holdings, Inc. v. Trost*, 333 S.W.3d 73, 83 (Tenn. 2010). For each motion, the court must view the evidence in the light most favorable to the opposing party and draw all reasonable inferences in the opposing party's favor. *See Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997).

A trial court's decision on a motion for summary judgment presents a question of law, which has no presumption of correctness on appeal. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008); *Blair v. W. Town Mall*, 130 S.W.3d 761, 763 (Tenn. 2004). So we review the record de novo and make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been met. *Eadie v. Complete Co.*, 142 S.W.3d 288, 291 (Tenn. 2004); *Blair*, 130 S.W.3d at 763.

We also review statutory interpretation de novo. *Lawson v. Hawkins Cnty.*, 661 S.W.3d 54, 59 (Tenn. 2023). Our "responsibility [is] to determine what a statute means." *Waldschmidt v. Reassure Am. Life Ins. Co.*, 271 S.W.3d 173, 175 (Tenn. 2008). "Specifically, we must decide 'how a reasonable reader, fully competent in the language,

---

[2] The court also reinstated the temporary injunction.

3

would have understood the text at the time it was issued.'" *State v. Deberry*, 651 S.W.3d 918, 924 (Tenn. 2022) (quoting ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 33 (2012)). In doing so, "[w]e give terms their natural and ordinary meaning in their statutory context unless the statute defines them." *Lawson*, 661 S.W.3d at 59 (citing *Mills v. Fulmarque, Inc.*, 360 S.W.3d 362, 368 (Tenn. 2012)).

The statute relied on by the Commissioner, Tennessee Code Annotated § 45-2-107(a), provides that "[n]o company that is not a bank holding company shall acquire, form or control a bank." Tenn. Code Ann. § 45-2-107(a)(3). The parties agree that Orion is not a bank holding company. And it cannot hold stock in a bank or purchase a bank charter. But they disagree about what it means to "acquire . . . a bank."

The Commissioner interprets the phrase "acquire a bank" to include the purchase of substantially all of a bank's assets.[3] To support that interpretation, the Commissioner focuses on the word "acquire." Because the statute does not define "acquire," he suggests reliance on *Black's Law Dictionary*. *See State v. Edmondson*, 231 S.W.3d 925, 928 (Tenn. 2007) (recognizing that "[w]hen the Legislature does not provide a specific definition for a statutory term, this Court may look to other sources, including *Black's Law Dictionary*, for guidance"). It defines "acquire" as "[t]o gain possession or control of; to get or obtain." BLACK'S LAW DICTIONARY (11th ed. 2019). The Commissioner reasons "the purchasing entity necessarily *gains possession and control* of the target bank's operations" when it purchases substantially all of a bank's assets and assumes its liabilities.

The Commissioner also argues that we should apply the definitions of "acquire" or "acquisition" found elsewhere in Title 45 of the Tennessee Code. *See* Tenn. Code Ann. § 45-3-1402(1)(C) (2020) (defining "acquire" to include the "direct or indirect acquisition of all or substantially all of the assets of an association or savings and loan holding company"); *id.* § 45-2-1402(1) (2020) (defining "acquisition of a [bank] branch" as "the acquisition of all or substantially all of the assets . . . and the assumption of all or substantially all of the liabilities of or related to a branch"). He contends the definitions are useful in interpreting Tennessee Code Annotated § 45-2-107 because the statutes are *in pari materia*. *See Lyons v. Rasar*, 872 S.W.2d 895, 897 (Tenn. 1994) (holding that statutes "relating to the same subject or having a common purpose—are to be construed together, and the construction of one such statute, if doubtful, may be aided by considering the words and legislative intent indicated by the language of another statute"). Thus the prohibition

---

[3] The Commissioner argues that his interpretation is entitled to deference because he has express authority to interpret Chapters 1 and 2 of Title 45 and to "regulate banking practices thereunder." Tenn. Code Ann. § 45-1-107(a)(1) (2020). And the Tennessee Banking Act charges him with enforcing Tennessee Code Annotated § 45-2-107(a). *See id.* § 45-2-107(a)(4). But an "agency's interpretation of its controlling statutes remains a question of law subject to *de novo* review." *Pickard v. Tenn. Water Quality Control Bd.*, 424 S.W.3d 511, 523 (Tenn. 2013).

on "acquir[ing] a bank" should prohibit both acquiring a bank or substantially all of a bank's assets.

We conclude that interpretation of Tennessee Code Annotated § 45-2-107(a) rests on the definition of the word "bank," not the word "acquire." The statute explicitly defines "bank" to "*mean*[] any company that accepts deposits in Tennessee that are eligible for insurance under the Federal Deposit Insurance Act." Tenn. Code Ann. § 45-2-107(a)(1)(A) (emphasis added). And it defines "company" by reference to federal law, specifically the Bank Holding Company Act. *See id.* § 45-2-107(a)(1)(D). That Act defines "company" to "*mean*[] any corporation, partnership, business trust, association, or similar organization . . . ." 12 U.S.C. § 1841(b) (emphasis added). So when Tennessee Code Annotated § 45-2-107(a) uses "bank," it means the organization in whatever legal form it may take, not its assets. Under the interpretive-direction canon, when "a definitional section says that a word 'means' something, the clear import is that this is its *only* meaning." SCALIA & GARNER, *supra*, at 226. The defined meaning "is virtually conclusive." *Id.* at 228; *see also Sturgeon v. Frost*, 139 S. Ct. 1066, 1086 (2019) (citing SCALIA & GARNER, *supra*, at 228).

Here, the legal form taken by Financial Federal is that of a Tennessee corporation. So, in this context, the statutory prohibition on a "company that is not a bank holding company . . . acquir[ing], form[ing] or control[ling] a bank" prohibits acquisition of the corporation. *See* Tenn. Code Ann. § 45-2-107(a)(3). It does not prohibit the acquisition of all or substantially all of the corporation's assets. The corporation as a legal entity is distinct from its assets.[4]

B.

Before the chancery court ruled on the cross-motions for summary judgment, Orion, Financial Federal, and Financial FedCorp moved to compel discovery of documents that the Commissioner asserted were subject to the attorney-client privilege. They claimed that the Commissioner had waived the privilege. The court granted the motion in part, concluding that the Commissioner impliedly waived the privilege with respect to documents that "concern the Department's interpretation of Tenn. Code Ann. § 45-2-107."

---

[4] Our interpretation of Tennessee Code Annotated § 45-2-107(a) is supported by the powers specifically conferred on banks by the Tennessee Banking Act. Tenn. Code Ann. § 45-2-601 (Supp. 2023). Among other powers, "[a] bank may sell any asset in the ordinary course of business." *Id.* § 45-2-609 (2020). A "sale of all or substantially all of the assets of a bank" triggers dissenters' rights for shareholders. *Id.* But the statute references no other restriction on the power to sell all or substantially all of the assets of a bank. And while the Tennessee Banking Act makes specific reference to the power to sell "all or substantially all of the assets of a bank," the term "sale of assets" and the word "assets" do not appear in Tennessee Code Annotated § 45-2-107(a).

Because we affirm the grant of summary judgment, we need not reach this question. The issue is moot.

## III.

Tennessee Code Annotated § 45-2-107(a) does not prohibit the sale of substantially all of the assets of Financial Federal to Orion. So we affirm the grant of summary judgment to Orion, Financial Federal, and Financial FedCorp.

___s/ W. Neal McBrayer___
W. NEAL MCBRAYER, JUDGE
